STEEVER v. THE ILLINOIS CENTRAL R'Y CO.

1. **Contract:** ILLEGAL: EXECUTED: PARTIES EQUALLY GUILTY. Parties
equally at fault, or equally violators of law, can have no remedy against
each other based upon contracts or transactions which are esteemed un-
lawful. It was accordingly *held* that, where the agent of a railway com-
pany, in violation of chapter 68, Acts of the Fifteenth General As-
sembly, collected from himself, as a shipper of goods, a rate of freight
in excess of that provided by law, and paid the same over to the com-
pany, he was, equally with the company, a violator of the law, and that
he could not recover from the company the penalty provided in said act
for such illegal charges. To be "equally guilty" in such a case does not
imply the same degree of guilt, nor guilt subjecting the wrong doers to
the same punishment, but only that both should be in fact partakers of
the guilt.

*Appeal from Sac Circuit Court.*

TUESDAY, DECEMBER 11.

ACTION under chapter 68, Acts of the Fifteenth General
Assembly, to recover the penalty therein provided for illegal
charges paid by plaintiff to defendant on account of goods
transported upon its railroad. The cause was tried to the
court without a jury, and, upon facts found, judgment was
rendered for plaintiff. Defendant appeals. The facts of the
case are fully stated in the opinion.

*J. F. Duncomb*, for appellant.

*Charles D. Goldsmith* and *Wright Cummins & Wright*,
for appellee.

BECK, J.—I. In the thirteenth count of defendant's answer,
it pleaded the following defense. "Further answering, de-
fendant says, that during all the time for which plaintiff claims
over-charges he was the station agent of defendant, and was
employed by the month as such station agent, and that, among
other duties, it was his special duty to collect freight and pas-

senger charges at Alta, a station on defendant's line of road, and this suit is brought to recover back over-charges under chapter 68, Acts of the Fifteenth General Assembly of Iowa, and the amounts claimed are all for alleged over-charges under that law, on goods shipped by and to plaintiff while such station agent, and that if any of the charges complained of were over-charges collected by said plaintiff while agent of defendant, in violation of said law, and such charges were charged by said plaintiff in violation of said law, and said charges were demanded by said plaintiff in violation of said law, and said plaintiff, as such agent, was the agent of a corporation operating a line of railroad within this state, and the collection, receipt, demand for and charging of said sum claimed by plaintiff, is so charged, collected, received or demanded in violation of said law as claimed by plaintiff, was done by plaintiff as agent of said corporation, this defendant, and the doing of the said several acts, and of each of said several acts so done by plaintiff, was a criminal act, and each of said acts were criminal acts, and subjected plaintiff to fine or imprisonment for each of the several violations of said law at the discretion of the court, as provided by section 11 of said chapter 68 aforesaid, whereupon defendant says that the plaintiff is estopped from recovering back any portion of said over-charges, if any, so as aforesaid made by him as agent of said corporation, defendant, criminally, and by said act made a misdemeanor and punishable as aforesaid by fine or imprisonment." As the conclusions we reach upon the defense thus pleaded are decisive of the case, other allegations of the answer need not be recited. The circuit court found the facts applicable to this branch of the case in the following language: "The court further finds that, during all the time for which plaintiff claims over-charges herein, he was the station agent of defendant at Alta station, employed by the month as such agent, and that among other duties it was his special duty to collect freight and passenger charges at said station on defendant's line of road; that this action is brought to recover

over-charges under chapter 68 of the Acts of the Fifteenth General Assembly of Iowa; that the amounts claimed are all for over-charges under that law, for goods shipped by and to plaintiff while he was acting as such agent, and that all of such over-charges were paid over by said plaintiff, while acting as the agent of defendant, to defendant."

The circuit court's conclusion of law upon the facts thus found is expressed by the record as follows: "Upon the sixth finding of fact the court finds the legal conclusion that, upon the facts therein found, the acts of the plaintiff in collecting and remitting such charges against himself, while acting in the capacity of agent for the defendant, did not render him criminally liable under the provisions of section 11 of chapter 68 of the laws of the Fifteenth General Assembly, and the court further finds this conclusion on said finding of fact, that plaintiff by reason of facts so found is not estopped from recovering back all or any part of the over-charges claimed for herein." There is no ground for disturbing the finding of facts as above set out.

II. The question for our determination, which in our view is decisive of the case, is this: Does the doctrine of *par de-lictum* defeat recovery by plaintiff in this action? Under this familiar doctrine, parties equally in fault, or equally violators of law, can have no remedy against each other based upon contracts or transactions which are esteemed unlawful. Thus, where one has paid money to the other, when such payment was unlawfully made or executed, the party making it cannot maintain an action to recover it back. The law provides no remedy for one who bases his claims to recover upon the violations of its provisions. Chapter 68, Acts of the Fifteenth General Assembly, provided for the maximum rates of charges for the transportation of persons and property by the railroads of the state. Section 11 declares that "any officer, agent or employe of any railroad company, person or corporation, operating a line of railroad within the state, who shall violate, or

*1. CONTRACT: illegal: executed: parties equally guilty.*

be a party to the violation of, any of the provisions of this act, or be instrumental therein, shall be guilty of a misdemeanor," and shall be punished by fine and imprisonment, and that "any person, corporation or railroad company operating a railroad within the state, authorizing, directing, causing, permitting or allowing any violations of the act by any officer, agent or employe, shall forfeit and pay to the person injured five times the amount, compensation or charge illegally taken or demanded, or five times the amount of the damages caused."

Upon this act plaintiff seeks to recover in this action, which is founded on the payment by plaintiff, and the exaction and receipt by defendant, of illegal charges for the transportation of property. The plaintiff, as agent of defendant in receiving illegal charges, was guilty of a misdemeanor. The defendant as a corporation, in requesting and exacting the payment of the charges, was guilty of a violation of law, and subjected to a penalty therefor. The difference in the punishment to be inflicted upon the agent and the corporation is accounted for by the fact that offenses committed by corporations cannot be punished by imprisonment. The doctrine of *par delictum* is not modified by the degree of guilt of the violators of the law, or the turpitude of the offense. Nor does it have respect to the punishment inflicted. When, therefore, the expression is used that the parties shall be equally guilty in order to demand its application, the thought is conveyed that each party must be guilty of the violation of law. Of the guilt of the defendant there can be no question. Does plaintiff share in the guilt of violating the law? The facts are these. Plaintiff as agent of defendant received illegal charges from himself, and paid the same to defendant. He occupied a double position. He was agent of defendant and an individual shipper. It is insisted that he paid the money to defendant as a shipper. Let this be admitted. But to whom did he pay it? To himself as agent. The charges first went into his hands as agent, and as agent he paid them to defend-

ant.   In receiving the illegal charges as agent he violated the law.   He cannot shield himself from the consequence thereof by insisting that any of his acts in respect to the charges, were individual transactions.   The law has no respect to the relations of one who violates its provisions, and it will not make curious distinctions in order to relieve a law breaker from the consequences of his act.   It will not enquire whether the act was done as an agent or as an individual.   Guilt follows the purpose to violate the law.   The *animus* determines guilt, and it does not depend upon the relations of the individual.

III. It is insisted that defendant and plaintiff in the transaction were independent actors; that defendant was the oppressor, and plaintiff the subject of oppression, and that, in the language of Lord Ellenborough, (*Smith v. Cuff*, 6 M. & S., 160,) the defendant held the rod and plaintiff bowed to it. This would all be quite true were the fact of agency out of the way.   But as agent plaintiff acted in receiving and remitting the illegal charges; he was himself the instrument of whatever oppression there is in the case; he held with his own hand the rod with which he chastised himself.   His act was of the character of the act of the *felo de se*, who commits the crime of murder upon himself.   The law will give him no remedy based upon his offense.

IV. It is argued that, as the statute was intended for the protection of shippers of goods by railways, and in the public interest, it ought to be enforced in this case.   But the plaintiff, by his violation of the statute, as we have seen, cannot have its protection; and the public interest does not require that a law breaker shall receive benefits through his own offense.

V. Finally, the plaintiff cannot make out his case, except through the medium of the transaction wherein the illegal charges were paid and received, in which he was a party to the violation of the statute.   Under these circumstances, the law will give him no remedy.   Broom's Legal

Maxims, *692.  We reach the satisfactory conclusion that, upon the facts as found by the circuit court, plaintiff is not entitled to recover in this action.  The judgment appealed from is therefore

REVERSED.