PEOPLE'S SAVINGS BANK OF DES MOINES, IOWA, Appellant, v. E. W. GIFFORD *et al.*

**Bills and Notes:** GAMBLING CONTRACTS: *Consideration.*   A person indebted to a bucket shop for margins on options gave a check drawn in favor of himself and endorsed in blank to one of the proprietors, who cashed it at a bank, and gave the money to his partner.   Payment being refused by the drawee bank, it was returned to the bank where it had been cashed, and taken up with the note of the drawer, payable to the order of one of the bucket shop proprietors, and endorsed in blank.   *Held,* that a finding that in cashing the check, the bucket shop proprietor did not act as the drawer's agent, that the alleged debt was not paid by the giving of the check, and that, therefore, the note was given in pay-

ment of a gambling transaction, and hence was void, was warranted.

SAME. A note given in settlement of a balance growing out of bucket shop transactions in which no delivery of the property dealt in was made or contemplated, is void.

CHECKS: *Payment.* The note was not purged of its illegal consideration by the fact that a third person signed it as surety, and that its payee was not the same as the payee of the check, and that, by giving it, an extension for the payment of the alleged debt was procured.

SAME. The acceptance of a check payable to the drawer or bearer, and endorsed in blank, does not, in the absence of an express agreement, constitute a payment of the debt.

Sureties. One endorsing a note merely as a surety is not liable thereon where it is void as against the maker.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 10, 1899.

ACTION at law to recover an amount alleged to be due on a promissory note. There was a trial by the court without a jury, and a judgment in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Bailey & Ballreich* and *McCarthy & Lee* for appellant.

*G. A. Underwood* for appellees.

ROBINSON, C. J.—The note in suit was made by E. W. Gifford and H. M. Funson for the sum of four hundred and twenty-five dollars, was made payable to J. T. James or order, and is indorsed in blank. A payment thereon of two hundred and ninety dollars has been made. The defendants are the makers of the note. They allege that it was given in settlement of an alleged indebtedness which grew out of the gambling transactions had by Gifford with the firm of J. T. James & Co., and that it is for that reason void. The court was authorized to find that the material facts involved in the making of the note were substantially as follows: In the year 1896, the firm of J. T. James & Co.,

of which J. T. James and J. B. Henshaw were the members, was engaged in operating an office in the city of Des Moines known as a "bucket shop," and dealt in options on grain and stock. Actual delivery of the property in which the firm pretended to deal was not made or contemplated, and its business was prohibited by chapter 93 of the Acts of the Twentieth General Assembly. The defendant Gifford had dealings with the firm in its line of business, and in May, 1896, there was a settlement, at which it was agreed that Gifford owed the firm four hundred and fifteen dollars on account of his dealings with it in options. Thereupon Gifford drew his check, payable to himself or bearer, on a bank of Nevada, Iowa, for the amount stated, indorsed it in blank and delivered it to Henshaw. He took it to the plaintiff, and received from it the amount of the check, and paid it to James. The bank on which the check was drawn refused payment, the check was protested, and returned to Gifford, and the note in suit was then given in lieu of it and for protest fees.

I. It was well settled, prior to the enactment of chapter 93 of the Acts of the Twentieth General Assembly, that an executory contract for the sale of property is void where delivery of the property was neither made nor contemplated, and where settlement was to be made by the payment of the difference between the contract price and the market price of the property at the time fixed for settlement. *First National Bank of Lyons v. Oskaloosa Packing Co.,* 66 Iowa, 41, and cases therein cited. See, also, *Counselman v. Reichart,* 103 Iowa, 430. Transactions of that kind are mere gambling contracts. *Bank v. Carroll,* 80 Iowa, 11. See, also, *Shipley v. Reasoner,* 80 Iowa, 548; *Osgood v. Bander,* 75 Iowa, 550. They are also prohibited by chapter 93, already cited. If, therefore, the note in suit was given in settlement of a balance which grew out of dealings in options, it is void.

II. The appellant does not deny that the law is as stated, but contends that it is not applicable in this case. It is said

that Gifford delivered the check to Henshaw, with the request that he obtain the money for which it was drawn, and deliver it to James & Co.; that Gifford made the check payable to himself because he did not wish the bank on which it was drawn to know that he had been dealing in options; that he made Henshaw his agent to obtain money on the check; that Henshaw had nothing to do with transacting the business of the firm, although a member of it, and that in what he did he acted as the agent of Gifford; that the gambling debt was not paid with the check, but with the money obtained for it by Gifford, through his agent. We are of the opinion, however, that the evidence fully authorized the district court to find that Henshaw, in all he did, represented and acted for his firm, and not Gifford; that the giving of the check did not pay the gambling debt; and that the making of the note in suit was a part of the unlawful transaction.

The appellant contends that the rule which applies to ordinary checks should not be applied to the one in question, because that was made payable to the drawer. No authority is cited to sustain that claim, and we do not think it is well founded. The check was made payable to the bearer, and, although indorsed by the payee, would have passed current as readily without his indorsement. The plaintiff accepted the note in lieu of the check and the indorsement of Henshaw. It is true the payee of the note was not the payee of the check. The note was signed, not only by the drawer of the check, but also by another, and more than three months were given in which to pay the note, but none of these differences, singly or collectively, purged the note of its illegal consideration, nor give it validity. Funson was a surety merely, and is not bound by the note, if it is void as to his principal.

Some claim is made to the effect that the defendants are estopped to dispute the validity of the note, but the claim is not supported by the evidence. The finding of the district

court that the note was void has such support in the evidence that we are not authorized to disturb the judgment rendered. It is therefore AFFIRMED.