WARE & LELAND v. A. W. HEISS, Appellant.

**Commission merchants:** RECOVERY OF ADVANCES. A commission merchant can not recover of his principal for advances made on the purchase of grain to close his deals, unless he has made actual payments; and evidence that under the contract or rules of the Board of Trade the principal is liable therefor will not support recovery.

**Same:** INSTRUCTION. Where the evidence conclusively shows that the principal deposited more than the amount of the commissions, it was error to instruct that although the broker had not actually paid the claimed advances yet the jury should determine whether the losses exceeded the amount deposited by the principal together with profits, and if so he could recover his commissions.

Principal and agent: KNOWLEDGE OF AGENT'S TRANSACTIONS. Commission merchants operating through an agent are bound by his acts and charged with knowledge of the fact that one dealing with the agent was buying a mere option without any purpose on the part of either of making actual delivery.

*Appeal from Dallas District Court.*— HON. J. H. APPLEGATE, Judge.

WEDNESDAY, FEBRUARY 13, 1907.

ACTION to recover money expended by plaintiff while acting as broker for defendant. Judgment was entered as prayed, and defendant appeals.— *Reversed.*

*Cardell & Fahey,* for appellant.

*White, Clarke & Clarke* and *D. M. Kirton,* for appellee.

LADD, J.— The plaintiff is a copartnership composed of four persons who are members of the Board of Trade in Chicago, with its main office in that city and a branch office at Perry. Through the latter the defendant indulged a propensity to speculate, with incidental dreams of wealth at others' loss, from August 10 to September 12, 1904, during which time he handled in imagination at least 120,000 bushels of wheat at a loss of only $475 actually advanced and $1,050 which, less $162.50 charged as commissions, the plaintiff claims to have paid out in addition to the money advanced in closing out his deals. The object of this suit is to recover the shortage alleged. The evidence tended to show that plaintiff by the defendant's direction had contracted for the sale of 25,000 bushels of wheat for December delivery on September 6th, 7th, and 8th at from $1.05½ to $1.08½ per bushel, and on September 12th 10,000 bushels for May delivery at $1.12. On September 9th they had contracted for defendant to buy 5,000 bushels for December delivery at $1.01⅞. The price of wheat advanced on Sep-

tember 12th, and, as defendant declined to put up the money necessary to cover the margins, the plaintiff, in accordance with the rules of the Board of Trade, closed out his deals by contracting for the purchase of 20,000 bushels of wheat for December delivery at $1,12⅜ and 10,000 bushels for May delivery at $1.14⅜. There was no actual delivery of any of the grain, but the agreements to buy and sell seem to have been off-set and the differences computed. The law with reference to such transactions is fully settled in this State as well as elsewhere. *First National Bank v. Oskaloosa Packing Co.,* 66 Iowa, 41; *Tomblin v. Callem,* 69 Iowa, 229; *Douglas v. Smith,* 74 Iowa, 468; *Counselman v. Reichart,* 103 Iowa, 430; *People's Savings Bank v. Gifford,* 108 Iowa, 279; *Munns v. Donovan Com. Co.,* 117 Iowa, 516; *Hansen v. Boyd,* 161 U. S. 397 (16 Sup. Ct. 571, 40 L. Ed. 746); *Board of Trade v. Christy Grain Co.,* 198 U. S. 236 (25 Sup. Ct. 637, 49 L. Ed. 1031); *Partridge v. Cutler,* 168 Ill. 504 (48 N. E. 125); *Perin v. Parker,* 126 Ill. 207 (18 N. E. 747, 2 L. R. A. 336, 9 Am. St. Rep. 571). These decisions dispose of most of the questions touched in argument, and the appeal may be disposed of by reference to the charge of the court.

In the eleventh instruction the court directed the jury, that, to entitle plaintiff to recover, it must appear that " they paid out money for and on account of defendant and covered losses sustained in the sales and purchases made for and on behalf of the defendant in excess of the amount paid by the defendant as shown by the testimony, and in excess of the amount, if any, of the profits realized on the transactions on the behalf of the defendant." Appellant insists that the evidence failed to show that the plaintiff had expended or paid out any money on the contracts of purchase made September 12, 1904, to close the plaintiff's deals and this is confirmed by the record. Appellee might have incurred a liability to comply with such contracts, both by virtue thereof and the rules

1. COMMISSION
MERCHANTS:
recovery of
advances.

of the Board of Trade, but there is no evidence that they ever paid out anything on account thereof. Because they had contracted to pay or were required by the rules of the Board of Trade to do so furnishes no evidence that this had been done, and until actual payment they had not suffered loss and were not in a situation to demand to be recouped for damages by the plaintiff. This is elementary and as the court instructed. Appellee relies on *Perin v. Parker,* 126 Ill. 207 (18 N. E. 747, 2 L. R. A. 336, 9 Am. St. Rep. 571), as ruling otherwise. The opinion in that case proceeds upon the theory that the broker had advanced the money to buy the corn necessary to fill his principals' contracts, and the only question determined was whether under the circumstances he was authorized so to do in behalf of his principal. If it can be construed as supporting the proposition that recovery may be had by the broker without the latter having first advanced the money, it does not meet our approval. As there was no evidence to support the instruction, a verdict should have been directed for defendant.

In the twelfth instruction the jury was directed that, even though they found the money had not been paid out as above, to estimate whether the loss in the transactions were in excess of the amount paid by defendant to plaintiff, and the profits, if any, realized in favor of the defendant, and in that event plaintiff might recover their commissions of the defendant. As indicated above, if the plaintiff had not, in fact, paid the alleged losses, these should not be allowed against defendant. The evidence conclusively showed that the defendant had deposited more than the amount of the commissions. Possibly this instruction was without prejudice, but attention is directed to it in view of another trial.

2. SAME: instruction.

All the transactions involved in this case were through plaintiff's agent at Perry. He represented the plaintiff in their relations with defendant. Plaintiff was not only bound by what this agent did, but was also charged with knowledge

of precisely what took place between him and defendant

**3. PRINCIPAL AND AGENT: knowledge of, agent's transactions.** with reference to these transactions. We think the jury should have been so told plainly, and that, if it was understood between such agent and defendant that defendant was buying options merely without any purpose on the part of either to buy grain for delivery, the plaintiff would be charged with knowledge thereof, and must be assumed to have executed the orders given by defendant through their agent with this understanding.

The tenth instruction did not go far enough, as it merely advised that the conversations and dealings between the agent and principal should be taken into consideration.

Owing to the errors pointed out, the judgment is *reversed.*