John R. Booth, Trustee, vs. Ralph Prete.

Third Judicial District, New Haven, January Term, 1909.

Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

Upon the insolvency of one of its depositors a bank is entitled to re-
tain and apply the amount of his deposit in part payment of his
note then due and held by the bank. Such debts are mutual, and
the set-off, if made in good faith and not as a mere trick or device
for the benefit of the indorser, is not a "transfer of property," nor
does it give the bank a preference within the meaning of the Bank-
rupt Act of 1898 as amended by the Act of 1903.

The mere fact that the set-off is made by the bank prior to the date of
filing the bankruptcy petition is immaterial, since the law would
have made the same disposition of the deposit had the bank
waited until the petition was filed.

Argued January 21st—decided February 16th, 1909.

Action by a trustee in bankruptcy to recover money
alleged to have been received by the defendant from the
estate of the insolvent in violation of the Bankrupt Act,
brought to and tried by the Court of Common Pleas in New
Haven County, Wolfe, J; facts found and judgment ren-
dered for the defendant, and appeal by the plaintiff. No
error.

J. Birney Tuttle, for the appellant (plaintiff).

Matthew A. Reynolds, for the appellee (defendant).

Thayer, J. The plaintiff, as the trustee of the bank-
rupt estate of George W. Humphrey, brings this action to
recover from the defendant $464.61, the amount of a de-
posit which the bankrupt had in the Merchants National
Bank of New Haven on March 17th, 1908, and which was
on that day applied by the bank in part payment of a note
of the bankrupt, payable on that day at the bank to the

order of the defendant, and by him indorsed and discounted there. This application of the deposit was within four months of the filing of the petition in bankruptcy, and it is claimed that the action of the bank in making it worked a preference in favor of the defendant which was voidable by the trustee under subdivision *b* of § 60 of the United States Bankruptcy Law of 1898 (30 U. S. Stat. at L. 562) as amended by the Act of February 5th, 1903 (32 U. S. Stat. at L. 799). If this claim is correct, the plaintiff was entitled to recover.

The bank, at the time of the application of the deposit, was the owner of the note, having discounted it for the defendant, and was therefore a creditor of the bankrupt. It was also his debtor to the amount of his deposit. They were mutual debts and subject to be set off against each other under § 68 of the Bankrupt Act. *New York County Nat. Bank* v. *Massey,* 192 U. S. 138, 146, 24 Sup. Ct. Rep. 199; *In re Scherzer,* 130 Fed. Rep. 631, 632; *In re Semmer Glass Co.,* 135 id. 77; *Lowell* v. *International Trust Co.,* 158 id. 781, 784. Such set-off is not a transfer of property by the bankrupt, within § 1(25) of the Act, and does not give a preference within subdivision *a* of § 60 of the Act. *New York County Nat. Bank* v. *Massey, supra.* The case last referred to distinguishes between cases like *Pirie* v. *Chicago Title & Trust Co.,* 182 U. S. 438, 444, 21 Sup. Ct. Rep. 906, and other cases cited by the plaintiff, where there was a payment by the bankrupt of his notes due at the bank, and cases like the present, where a bank, having a general deposit of the bankrupt, sets it off against his notes, of which it is the owner. The payment of the note, in the former case, is a preference voidable against both the bank and the indorser who may have negotiated it. It changes the relations existing between the bank and the bankrupt. But in equity and under the statutes of this and other States, where there are mutual debts, the difference between them, after one has been set off against the other,

is deemed to be the only sum really due. Section 68 of the bankrupt law recognizes this and permits the set-off.

The fact that the set-off in the present case was made by the bank prior to the filing of the bankruptcy petition, does not affect the question, because it did only what the law would have done had the bank waited until the petition was filed. *In re Scherzer,* 130 Fed. Rep. 631.

We are assuming that the transaction was bona fide. If the giving of the note and the application of it in disposing of the bankrupt's deposit was, as claimed by the plaintiff, a trick devised to appropriate the bankrupt's deposit to the defendant's benefit, it would not stand. But the finding does not warrant the claim. We must treat it, as the trial court has done, as a bona fide transaction. So treated, the set-off did not work a preference in favor of either the bank or the defendant.

There is no error.

In this opinion the other judges concurred.