## ROYAL INDEMNITY CO. v. BEISEKER.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1917.)

### No. 4817.

1. PAYMENT ⬅21—ACCEPTANCE OF CHECK—EFFECT.

Where defendant, which executed an indemnity bond securing to plaintiff payment of three certificates of deposit issued to him by a bank, refused to renew its bond, and plaintiff, seeking to collect the certificates of deposit, received from the bank a draft, the draft cannot be treated as having been accepted in payment, for the accepting of a check or draft in payment of an indebtedness in some other form does not operate as an extinguishment of the indebtedness, unless it appears that such was the intention of the parties, and plaintiff obviously would not accept a draft in payment of a certificate of deposit, where the surety would not renew its obligation.

2. PRINCIPAL AND SURETY ⬅121—LIABILITY OF SURETY—NEGLIGENCE.

Where plaintiff, who held certificates of deposit issued by a Washington bank and guaranteed by defendant, on being notified that defendant would not renew its bond, deposited them with his local bank for collection, and such bank transmitted them to a metropolitan Minnesota bank, which bank sent them to the Washington bank for payment, and the Washington bank, after an exchange of telegrams on July 2d, sent the Minnesota bank a draft on a Seattle trust company in payment, which draft, being received by the Minnesota bank on July 6th, was forwarded to Seattle, where it arrived and was presented on July 9th, there was no negligent delay in presenting the draft for payment.

3. PRINCIPAL AND SURETY ⬅121—ACTIONS—NEGLIGENCE.

Where defendant executed an indemnity bond securing to plaintiff payment of certificates of deposit issued by a bank, and plaintiff, on being notified that defendant would not renew the bond for another year, deposited for collection the certificates of deposit with a local bank, at his place of residence, the fact that plaintiff or his agents were guilty of negligence in presenting for payment a draft given by the bank issuing the certificates will not preclude recovery on the bond, where the bank, payment of whose certificates defendant guaranteed, had no intention of paying them, and would at any time have stopped payment on the draft, for the delay, though negligent did not injure defendant.

In Error to the District Court of the United States for the District of North Dakota; Robert E. Lewis, Judge.

Action by A. N. Beiseker against the Royal Indemnity Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

George S. Grimes, of Minneapolis, Minn., and Joseph J. Youngblood, of Fessenden, N. D., for plaintiff in error.

John O. Hanchett and Aloys Wartner, both of Harvey, N. D., for defendant in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

STONE, Circuit Judge. From a recovery on an indemnity bond securing to Beiseker payment of three certificates of deposit issued to him by the First International Bank of South Bend, Wash., the company sues its writ of error.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The loss is undisputed, but the company challenges liability on the grounds: (a) That the bank paid the certificates covered by the bond with a draft which was accepted in payment, and the loss is really for dishonor of the draft which is not covered by the bond; (b) negligent delay in and careless method of presentation of the certificates for payment.

[1] (a) The acceptance of a check or draft in payment of an indebtedness in some other form does not operate as an extinguishment of that indebtedness, unless it appears that such was the intention of the parties. Beiseker was having these certificates cashed at this time, as the evidence shows, solely because the company would not renew its bond and the bank could secure no substitute indemnity. It is not, therefore, to be believed that he would take the bank's draft with the intention of having it operate as an extinguishment of the certificates and a consequent loss of the security of this bond, nor could the bank or the indemnity company have so understood his actions.

[2, 3] (b) As to the urged point of negligence in presenting the draft, the question is one of law on undisputed facts. Beiseker, living at Harvey, N. D., for cash took out the three certificates from the First International Bank of South Bend, Wash. The bond provided for payment of the certificates by the bank "until June 11, 1915." From June 5th to June 14th there was correspondence by letter and wire between the indemnity company and Beiseker as to whether the company intended to renew its bond. Upon the last date the company definitely wired Beiseker that it would not renew. No complaint was urged on argument as to any omission to act prior to June 14th. The next day Beiseker deposited the certificates in a local bank at Harvey for collection, with directions to send them direct to the First International for payment. The same day this bank sent them to its correspondent at Minneapolis, with similar instructions, and with the request to wire in case of nonpayment. The Minneapolis bank, the day it received the certificates, forwarded them directly to the First International for payment, where they arrived June 19th or 20th. Receiving no answer, the Minneapolis bank wired the First International June 25th, receiving favorable answer June 28th. July 2d the First International sent draft in full on a Seattle, Wash., trust company to the Minneapolis bank, which received it July 6th, and that day forwarded it to Seattle, where it arrived July 9th. On this last date the cashier of the First International appeared in person and notified the trust company not to pay the draft. No negligence is shown by the above-outlined course of dealing.

But the existence or nonexistence of negligence is not decisive in this case. It is highly questionable whether negligence on the obligee's part is any defense to an insurance contract, unless it be expressed or clearly implied in the terms of the bond. However this may be, negligence cannot be a defense, unless its absence would have prevented the loss. Here it is conceded that the bank was just as financially able to pay the draft July 9th as it would have been to pay the certificates upon June 11th or 14th, or any intervening date. It is very clear that the bank had no intention of paying them at any of these times. It hoped

to get renewed security, and thereby the extension of the certificates, and it obstructed and delayed taking an open stand until it ascertained, July 8th or 9th, that the bond could not be made, when it ordered the dishonor of the draft. In short, the time and method of presentation of the certificates had no effect whatever on their nonpayment.

The judgment is affirmed.

---

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes