JASPER COUNTY SAVINGS BANK, Administrator, Appellant, v. BILL SAHEROFF, Appellee.

MARCH 13, 1928.

S. B. Allen, for appellant.

Lappen & Carlson, for appellee.

WAGNER, J.—The plaintiff is the administrator of the estate of Hannah J. Brown, deceased; said decedent was payee in a promissory note for $200, bearing date December 26, 1918, and due June 26, 1919; and the defendant is the maker of said note, being the instrument upon which this suit is based. Seth Brown, son of the decedent, was indebted to the defendant on a promissory note for $300, bearing date September 20, 1920, and due March 20, 1921. The sole defense of the defendant to the $200 note, as taken from the averments of his answer, is:

"That, long prior to the decease of Hannah J. Brown, the obligation on said note was canceled by the payment of a note due and owing from one Seth Brown to the defendant herein; that, prior to the decease of said Hannah J. Brown, the obligation upon the note sued upon was paid, canceled, and terminated."

The evidence, as shown by the record, upon which the defendant relies, as establishing the payment or cancellation of the $200 note, is substantially as follows: Seth Brown, the maker of the $300 note, was living with his mother, the payee of the $200 note. After the $300 note became due, the defendant went to the home of the Browns, and asked Seth to pay the $300 note, and Seth asked the defendant, in substance, whether it would be satisfactory to him to take the $200 note which the defendant

owed his mother, in part payment of his $300 note, and he would pay him the difference when he could; and the defendant answered in the affirmative.

At this point, the witness Johnson testified that he (the witness), the defendant, Saheroff, and Seth went into the room occupied by Mrs. Brown, where this matter was taken up with her, and that she said to Seth, "You know more about this business than I do, and if it is all right with you, it is all right with me to do that,—to let this $200 apply on the $300 note Bill has on you;" that Seth then told the defendant he would go and get the note, which was at the bank, and give it to him, and it would be canceled from the $300 note. This testimony on the part of the witness Johnson was received over the objection of plaintiff that it was incompetent, and an attempt to establish a liability by verbal testimony, in violation of the Statute of Frauds, without consideration, and without consummating the deal.

It appears from the record that Seth Brown was killed in an automobile accident, sometime after the above transaction, and that a guardian was appointed for Mrs. Brown, about 1924. The $300 note was introduced in evidence, and contains no indorsement of credit thereon of the amount of the $200 note. The note in suit remained in the possession of Hannah J. Brown at all times after the transaction hereinbefore referred to, until her death. There is no showing that the defendant ever made any claim to or demand for said note.

The plaintiff made a motion for a directed verdict, which was overruled; and the trial court instructed the jury that the sole issue for their determination was as to whether or not the $200 note has been paid, and permitted the jury to find, from the aforesaid testimony as to the conversation occurring at the Brown home, that there was at that time a payment, or completed transaction which amounted to a payment or cancellation, of the $200 note. The plaintiff excepted to the overruling of its motion for a directed verdict, and plaintiff took appropriate exceptions to said instruction.

It is obvious that there was no payment of the $200 note in suit, unless Seth was at that time entitled to a credit upon his $300 note. Payment of an obligation can only be made in money, unless the parties otherwise agree. 30 Cyc. 1187. Seth

asked the defendant whether he would accept the $200 note in part payment of his $300 note, and the defendant answered that he would; and the last thing that was said in the conversation was that he (Seth) would go and get the note which was at the bank, and give it to him, and it would be canceled from the $300 note. Seth did not go to the bank and get the $200 note and give it to the defendant. Therefore, what the defendant agreed with Seth to take in part payment of the $300 note was never delivered to him. Thus it is manifest that there was no payment of the amount of the $200 note upon the $300 note which Seth owed the defendant, and the jury should not have been allowed to say that the transaction, incomplete as it was, amounted to a payment or cancellation of the note in suit.

The parties to this suit argue pro and con that the conversation testified to by the witness Johnson is in violation of Paragraph 2, Section 11285, of the Code of 1924, being the "Statute of Frauds." Said statute provides that no evidence of a contract wherein one person promises to answer for the debt of another is competent unless it be in writing and signed by the party charged or by his authorized agent. Under the record in this case, there is no contract as between Hannah J. Brown and the defendant. Mrs. Brown's talk was to Seth. There is nothing in the conversation of an independent contract as between Mrs. Brown and the defendant. If the talk could be construed to constitute a contract as between her and the defendant, then we would have the question as to whether the oral testimony in relation to it is in violation of the Statute of Frauds, as being a contract on the part of the mother to pay the debt of her son; and, were that question in the case, it is fully answered in *Frohardt Bros. v. Duff*, 156 Iowa 144.

"Generally speaking, to bring a promise of this nature within the statute, it must be made to the person entitled to enforce the liability assumed by the promisor. A promise to the debtor to pay his debt, and thereby relieve him from the payment of it himself, is not within the statute." *Merchant v. O'Rourke*, 111 Iowa 351.

Since the defendant agreed to take the $200 note in part payment of Seth's $300 note, and since Seth promised to go to the bank and get the $200 note and give it to the defendant, which was never done, there was no completed transaction as to

the payment, or part payment, or cancellation or partial cancellation, of either of said two notes.

There was no consideration for anything in the talk which might be construed as a promise on the part of the mother. Mrs. Brown received nothing. Even after the talk, Seth did not have any enforcible agreement or contract with his mother. The most that can be claimed for the conversation is that she agreed with her son, Seth, as a gratuity, that her $200 note might be applied upon the $300 note which he owed the defendant. She did not even make a gift of the note to her son. There was no delivery of the note by her to Seth.

From any angle from which we may view it, it cannot be successfully asserted that there was any completed transaction as a result of the talk at the Brown home, by which there was a payment of the note in suit and partial payment upon the $300 note owed by Seth to the defendant.

We hold that the court was in error in overruling plaintiff's motion for a directed verdict and in permitting the jury to find that there was a payment or a cancellation of the $200 note, or any novation by which said note was paid or canceled. This holding results in a reversal, and the cause is remanded.— *Reversed and remanded.*

EVANS, DE GRAFF, MORLING, and KINDIG, JJ., concur.