STELIOS ALEXIOU *vs.* THE BRIDGEPORT-PEOPLES
SAVINGS BANK.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 29th, 1929—decided January 6th, 1930.

*Arthur M. Comley,* for the appellant (defendant).

*Israel J. Cohn,* for the appellee (plaintiff).

HAINES, J. The finding, which is unquestioned, discloses that on January 2d, 1926, the defendant savings bank owed Katherine M. Alexiou $4,200 which she

had deposited therein to her credit from time to time. On that date, the defendant executed and delivered to her four checks for $1,000 each and one check for $200 drawn by the defendant bank upon the Bankers Trust Company of New York and payable to her. The checks have never been cashed, nor the proceeds thereof secured by anyone, but they are now in the possession of the court, having been offered in evidence by the plaintiff, in whose possession they were at the time this action was tried. They are in the same form as when delivered by the defendant to Katherine M. Alexiou. It is not known how these checks came into the possession of the plaintiff.

The plaintiff brought an action against Katherine M. Alexiou on March 20th, 1928, the writ and complaint being duly served upon her, and by garnishee process, upon this defendant. Judgment for $5,000 was rendered in favor of the plaintiff against Katherine M. Alexiou in that action on November 16th, 1928, and on December 14th, 1928, demand was duly made upon the defendant for such sum as was due from the defendant to Katherine M. Alexiou, not exceeding the amount of said judgment, but the defendant refused to pay and denied any indebtedness to Katherine M. Alexiou. The trial court held that on December 14th, 1928, the defendant was indebted to Katherine M. Alexiou for $4,200, and gave the plaintiff judgment therefor against the defendant with interest from that date, and decreed that upon payment of the aforesaid sum, the defendant be discharged from all liability to Katherine M. Alexiou to the full face value of the aforesaid checks. This judgment was based upon the conclusion that the checks were not presented for payment within a reasonable time after their issue and that the defendant was therefore discharged of liability thereon under the

provisions of General Statutes, § 4544, and so when the process of foreign attachment was served upon it, March 20th, 1928, the defendant was the trustee and debtor of Katherine M. Alexiou. These conclusions are assigned as error, as are also the overruling of the claims of the defendant that the indebtedness of the defendant to Katherine M. Alexiou ceased at the time the checks were executed and given to her, January 2d, 1926; that the failure to present the checks within a reasonable time has not released the defendant from liability on the checks to the rightful holder thereof, and that neither at the time of the service of the foreign attachment, nor at the time of the demand in this action, did the defendant have in its hands money belonging to Katherine M. Alexiou, and that the defendant is entitled to judgment.

A check is defined by our Negotiable Instruments Act as a bill of exchange drawn on a bank and payable on demand, and except as otherwise provided in that chapter, the provisions applying to a bill of exchange payable on demand, apply also to checks. General Statutes, § 4543.

Deposits in an ordinary commercial bank, create the relation of debtor and creditor between the bank and the depositor. The money at once becomes the property of the bank and is thereafter held by it, not as the agent, but as the debtor of the depositor, so that when and if the deposit is repaid, it is done with the bank's funds and not with the funds of the depositor. *Booth* v. *Prete,* 81 Conn. 636, 637, 71 Atl. 938; *Bridgeport Projectile Co.* v. *Bridgeport,* 92 Conn. 316, 320, 102 Atl. 644; *Baldwin's Bank* v. *Smith,* 215 N. Y. 76, 109 N. E. 138; *Commercial Bank of Pennsylvania* v. *Armstrong,* 148 U. S. 50, 59, 13 Sup. Ct. 533; *First National Bank of Murfreesboro* v. *First National Bank of Nashville,* 127 Tenn. 205, 154 S. W. 965.

When Katherine M. Alexiou deposited the $4,200 in the defendant savings bank however, a somewhat different relation was created. Savings banks in this State are incorporated agencies, without capital stock, for receiving and loaning the money of depositors, and the assets of the corporation belong to all the depositors in proportion to their deposits. While the bank thus becomes in a sense, the debtor of the depositor, it is also his agent since the depositor retains the equitable ownership of the deposit while transferring the legal title to the bank for the purpose of investing and conserving it for him. In this respect a distinction has always been recognized in this State, between commercial banks or banks of deposit and our mutual savings banks. *Bank Commissioners* v. *Watertown Savings Bank*, 81 Conn. 261, 70 Atl. 1038; *Osborn* v. *Byrne*, 43 Conn. 155; *Wood* v. *Connecticut Savings Bank*, 87 Conn. 341, 345, 87 Atl. 983; *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 90 Atl. 369; *Price* v. *Society for Savings*, 64 Conn. 362, 365, 366, 30 Atl. 139; *Brown* v. *Clark*, 80 Conn. 419, 423, 68 Atl. 1001.

The obligation of the defendant savings bank to Katherine M. Alexiou was to pay her the amount of her deposit upon proper demand, and when and if it did pay her, it did so by paying her proportional share out of its general fund to which it had the legal title and not with the monies which she had deposited. The bank was not a bailee.

Primarily, a debt is payable in money, and this must be assumed in those cases where an agreement to receive something other than money is not shown. *Morgan Paving Co.* v. *Carroll*, 211 Ala. 121, 99 So. 640; *Farmers L. & T. Co.* v. *Canada & St. L. Ry. Co.*, 127 Ind. 250, 26 N. E. 784, 785; *Jaspar County Savings Bank* v. *Saheroff*, 205 Iowa, 774, 218 N. W. 486,

487; *Bullock* v. *Horn,* 44 Ohio St. 420, 7 N. E. 737, 741. Although some inference may arise in the present case from the identity in amount of the deposits and the checks, there are no facts in the record before us from which we can conclude as an established fact that Katherine M. Alexiou accepted these checks in full payment and discharge of the debt of the bank to her, with full understanding that she was thereafter to rely entirely upon these checks for obtaining the money. Such an agreement, if established, would have discharged the liability of the bank as a depositary, and its obligation would thence forth have been solely that of drawer of the checks. In the absence of exceptional circumstances, such an agreement would be indicated where it was shown that by the understanding of both parties, the account was closed and the deposit book balanced, or where the amount paid by check was charged to the depositor on his passbook and on the books of the bank at the time of such payment.

Since this does not appear, the general rules of law governing payments by check, must apply, and it follows that in giving these checks the defendant did not create a new obligation to Katherine M. Alexiou but only furnished her certain negotiable paper which constituted an admission that it was under an existing obligation to her for the amount stated. In other words, the defendant was adopting a means of enabling Katherine M. Alexiou to obtain payment of the debt which it owed her. Though not presented or paid, the checks remained for an indefinite time short of the statute of limitations, as evidence of the indebtedness of the bank to her. Morse on Banks & Banking (3d Ed.) Vol. 2, p. 697.

Since these checks were not in payment but only a means of obtaining payment, they did not in them-

selves discharge any portion of the obligation of the defendant bank to Katherine M. Alexiou. The discharge could not take place until the checks were honored or paid. *Burkhalter* v. *Second National Bank,* 42 N. Y. 538; *Sutton* v. *Baldwin,* 146 Ind. 361, 364, 45 N. E. 418; *Peoples Savings Bank* v. *Gifford,* 108 Iowa, 277, 79 N. W. 63; *Bradford* v. *Fox,* 38 N. Y. 289.

It is a rule of well-nigh universal acceptance, that if a check or draft be given by a debtor to a creditor and no special agreement to the contrary is shown, it does not discharge the debt itself, until the check or draft is honored or paid. *Gordon* v. *Keene,* 118 Me. 269, 107 Atl. 849; *In re Perpall,* 256 Fed. 758, 761; *Royal Indemnity Co.* v. *Beiseker,* 245 Fed. 346, 347; *Leeper* v. *Schroeder,* 24 Colo. App. 164, 132 Pac. 701; *Berry* v. *State,* 153 Ga. 169, 111 S. E. 669; *Stephens Engineering Co.* v. *Industrial Commission,* 200 Ill. 88, 124 N. E. 869; *Federal Casualty Co.* v. *Chatman,* 69 Ind. App. 67, 121 N. E. 296; *Baumgardner* v. *Henry,* 131 Mich. 240, 91 N. W. 169, 171; *Commercial Investment Co.* v. *Lundgren-Wittensten Co.,* 173 Minn. 83, 216 N. W. 531, 532; *Thomas* v. *Supervisors of Westchester County,* 115 N. Y. 47, 21 N. E. 674; *Loux & Son* v. *Fox,* 171 Pa. St. 68, 33 Atl. 190; *Anderson* v. *National Bank of Tacoma,* 146 Wash. 594, 264 Pac. 8; *Emigh* v. *Earling,* 134 Wis. 565, 115 N. W. 128.

The arguments and briefs of counsel and the memorandum of the trial court attach much importance to the question whether the failure to present the checks for payment within a reasonable time after issue had discharged the defendant drawer of liability thereon. The court held that the bank was discharged "to the full extent of the face value" of the checks, and cites General Statutes, § 4544. But that statute fixes the extent of the discharge as "the loss caused by the de-

lay" and that is a question of fact not in issue in this case. However, under the circumstances here disclosed, that question is one of academic interest only, and its decision is not necessary to a determination of this appeal. It is an established fact that the checks have not been paid, and as a consequence Katherine M. Alexiou has never received, nor has the bank ever paid, any part of its debt to her.

It follows from what has been said that when foreign attachment was served upon the defendant bank, March 20th, 1928, the bank then was and ever since has been her debtor for $4,200. The effect of this attachment was to hold the defendant bank to respond to that extent to whatever judgment was obtained in that action by the plaintiff against Katherine M. Alexiou; and the final result reached by the trial court was correct.

There is no error.

In this opinion the other judges concurred.