LESTER E. SHIPPEE, BANK COMMISSIONER, *vs.* PALLOTTI, ANDRETTA & COMPANY, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 8th—decided March 22d, 1932.

*Allan E. Brosmith,* with whom was *James F. Brennan,* for The Merchants Bank and Trust Company, Receiver.

*Harry L. Nair,* with whom was *Bernard C. Kamerman,* and, on the brief, *Solomon Elsner,* for The Riverside Trust Company.

HINMAN, J. Prior to 1929, Pallotti, Andretta & Company were engaged, in Hartford, in the business of private bankers and of receiving money for transmission, and in 1929 the defendant corporation was organized and succeeded to and thereafter carried on the business. On March 28th, 1928, Pallotti, Andretta & Company deposited with The Riverside Trust Company, hereafter referred to as the Trust Company, in its commercial department, $40,000, and the Trust Company issued and delivered to them a certificate of deposit in that amount in the following form:

"Riverside Trust Company
Hartford, Conn., March 28, 1928.

$40,000.00                                    No. 696

Treasurer of State of Conn. Trustee for Pallotti, Andretta & Co. Private Bankers, Hartford, Conn., has deposited in this Company Forty-Thousand Dollars Payable to the order of said Treasurer of State of Conn., Trustee with interest @ 4¼ % per annum, in current funds on the return of this Certificate properly endorsed."

This certificate was thereupon delivered by Pallotti, Andretta & Company to the treasurer of the State in substitution for certain securities held by the treasurer in lieu of the bond required by § 2 of Chapter 128, Public Acts of 1925 (now § 3951, General Statutes). The provisions of this statute which are of present materiality are as follows: "Every private banker shall deposit with the treasurer of the state a bond to the state, . . . conditioned upon the repayment of any money which may be deposited with such private banker in accordance with the terms on which such money shall have been deposited, and upon the faithful transmission of any money which shall be delivered to such private banker for transmission to another, and upon the payment, in the event of the insolvency or bankruptcy of such private banker, of the full amount recoverable under the conditions of such bond to the assignee, receiver or trustee of such private banker for the benefit (1) of the persons making such deposits or delivering money to such private banker for transmission to another and (2) the satisfaction of the general debts and obligations of such private banker. . . . Any private banker may, at his option, deposit with the treasurer, in lieu of such bond, in whole or in part, securities owned by him of a sufficient actual value to aggregate, with any bond so filed,

the required amount of such bond, which securities shall be such as shall have been approved by the bank commissioner. . . . Any security deposited by any private banker with the state treasurer, as hereinbefore provided, and any money which, in case of default, shall be paid under any such bond filed by any such private banker shall constitute a trust fund (1) for the benefit of the depositors of such private banker and the persons who shall deliver money to such private banker for transmission to others, which depositors or persons shall be preferred as to such money and securities so deposited or recovered in proportion to the obligations of such private banker to them arising out of such deposits or receipt of money for transmission and (2) for the benefit of the general creditors of such private banker. . . ." The fund so deposited was not separated from the Trust Company's general funds and the amount represented by the certificate of deposit has been carried on the books of Pallotti, Andretta & Company as an asset.

Commencing in April, 1930, the Trust Company made deposits with the defendant on account of which it is now indebted to the Trust Company in the amount of $190,000.

On December 23d, 1930, the bank commissioner issued a restraining order preventing further conduct of business by the defendant and thereafter a temporary receiver and later a permanent receiver was appointed in the above entitled action. The treasurer of the State has endorsed and delivered the certificate of deposit to the permanent receiver. On October 13th, 1931, the Trust Company advised the receiver that it proposed to set off its debt to the defendant under the certificate of deposit against the debt of $190,000 owed to it and requested that the certificate of deposit be delivered to it for cancellation.

The questions upon which advice is desired are as follows:

1. May Riverside Trust Company set off the debt of $40,000 owed by it to Pallotti, Andretta & Company, Incorporated, and evidenced by said certificate of deposit against the debt of $190,000 owed to it by Pallotti, Andretta & Company, Incorporated?

2. May Riverside Trust Company set off the interest accrued and unpaid on said certificate of deposit since June 30th, 1930, against the debt of $190,000 owed to it by Pallotti, Andretta & Company, Incorporated?

The Trust Company relies, in support of its claim to a right of set-off, upon a contention that its deposit in the private bank of the defendant corporation and the deposit in the Trust Company upon which the certificate of deposit was issued are such mutual debts as would be subject to that right under § 5551 of the General Statutes, or at least within the scope of the principles upon which a broader right has sometimes been allowed in equity.

Mutual debts coming within the statute just mentioned have been defined as "cross debts in the same capacity and right and of the same kind and quality." *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 199, 90 Atl. 369. The Trust Company claims that its deposit in the defendant's bank created the relation of debtor and creditor which has been held to obtain as to deposits in an ordinary commercial bank, as distinguished from the somewhat different relation held to result from deposits in a savings bank or savings department. *Alexiou* v. *Bridgeport-Peoples' Savings Bank*, 110 Conn. 397, 399, 400, 148 Atl. 374, and cases cited. The stipulated facts are not sufficient to enable us to determine to which of these classes this deposit belongs, although the pass-book, Exhibit B, on its face

appears to indicate an account in the nature of a savings deposit. It is immaterial to the result of the present inquiry, however, whether the deposit is to be regarded as commercial or savings, since there is not such mutuality between a deposit of either kind and that with the Trust Company as would afford a right of set-off.

It is clear from the agreed facts that the deposit in the Trust Company was for the specific purpose of providing, by the certificate evidencing it, a substitute for other securities deposited with and held by the state treasurer, as permitted by the statute already quoted, in lieu of the bond required to be given by a private banker. The certificate was issued in the name of the treasurer of the State as trustee for the private banker. The inference is inescapable that the nature and purpose of the deposit and certificate were understood by all of the parties to the transaction and they were charged with notice of the declaration of the statute that the security so deposited shall constitute a trust fund primarily for the protection and benefit of all the depositors of the private bank. This fiduciary nature and trust relation permeated the entire transaction, and it cannot fairly be regarded as either an ordinary commercial or savings deposit, or as possessing attributes creating that mutuality in nature with either which is requisite to the statutory right of set-off.

Also, we are unable to discover, in the situation presented, equitable considerations impelling allowance of set-off of obligations not possessing such mutuality, which have sometimes been given effect. *Hubley Mfg. & Supply Co.* v. *Ives,* 81 Conn. 244, 248, 70 Atl. 615; *Betts* v. *Connecticut Life Ins. Co.,* 78 Conn. 442, 450, 62 Atl. 345; *Merwin* v. *Austin,* 58 Conn. 22, 34, 18 Atl. 1029; *Goodwin* v. *Keney,* 49 Conn. 563, 569.

On the contrary, the result of allowance of the set-off claimed would be to give one depositor the full and exclusive benefit of a fund expressly designated by statute as a trust to the benefit of which all depositors of the private banker are entitled "in proportion to the obligations of such private banker to them." General Statues, § 3951.

The fact that the deposit was not segregated but was commingled with the common funds of the Trust Company does not deprive it of its trust attributes. *McDonald* v. *Hartford Trust Co.*, 104 Conn. 169, 186, 132 Atl. 902.

We do not construe § 3951 of the General Statutes as requiring or contemplating that interest on securities deposited in lieu of bond be payable to the state treasurer or otherwise devoted to accretion of the fund, and this view is confirmed by practical construction, including the payment of interest on this certificate of deposit, as it fell due, to Pallotti, Andretta & Company. Therefore, the accrued and unpaid interest may be set off.

Our answer to the first question reserved is "No"; to the second, "Yes".

In this opinion MALTBIE, C. J., BANKS and AVERY, Js., concurred; HAINES, J., concurred in the result.