## HAMMOND v. PERRY.

1. **Foreclosure:** TITLE-BOND: PARTITION: PLEADING. In an action to foreclose a title-bond, conditioned to convey the undivided half of certain real estate, one holding a part thereof under a deed from the vendee is properly made a defendant, and by a pleading in the nature of a cross-bill may ask a partition and the enforcement of the lien upon the land not claimed by him.

2. ———: ———: EQUITY. Section 3277 of the Code is not applicable to such a case: equity has jurisdiction, and may grant the relief asked.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, APRIL 22.

PLAINTIFF brings this action to foreclose a certain contract for the sale of land to one Thomas, and to obtain judgment on a promissory note given in payment therefor. The contract is for the sale of an undivided interest in the property, the title to the remaining interest, at the time of the sale, being in other parties. Thomas subsequently purchased the interest of the other owners, and sold a part of the land to Perry; plaintiff's claim thus being a lien upon an undivided interest thereof. Perry and certain incumbrancers are made defendants with Thomas. By proper pleading Perry set up

his title to and interest in the land purchased by him, show-ing that he had possession thereof, and had made thereon valuable improvements, and asked that the whole tract be partitioned, and that the portion owned by him be set off as his share, and the lien of plaintiff be first enforced against the land not claimed by him. On the motion of plaintiff this pleading was stricken from the files upon the ground that it set up no defense to the lien sought to be enforced by the action. Perry appeals from this ruling.

*Perry & Townsend*, for appellant.

*Dashiel & Andrews*, for appellee.

BECK, J.—The appellant was properly made a defendant to the foreclosure action, that his interest in the land may be

1. FORECLOS-URE: title-bond: parti-tion: plead-ing.

subjected to plaintiff's lien. Any matter which in equity would relieve his property from the lien, or require the rest of the land to be first exhausted to satisfy the debt, he could plead as a defense. Plaintiff's lien is upon an undivided half of the land. Appellant holds title to a part of it—less than one-sixth in quantity—the relative value of which is less than the rest of the tract. Now, certainly, equity will protect appellant's land, and require plaintiff's lien to be enforced on the land not owned by him. This is certainly true in view of the fact, which appears in the appellant's pleading, that Thomas has dis-posed of less than half of the land, which is also less in value than the part yet held by him.

But it is said that the foreclosure will not affect appellant's rights; that after the sale thereon he may, in a partition action, have his land set off. This may be so. But it is the policy of chancery to fully settle the rights of parties to actions while they are before the court, and not send them out to bring new suits. The appellant is entitled to full relief as to all matters involved in the case of which the court has jurisdiction.

It is insisted that the relief sought by appellant must be

Hammond v. Perry.

denied under § 3277 of the Code. The provision is in these

2. ——: ——. words: "The action for partition shall be by

equity. equitable proceedings, and no joinder or counter-claim of any other kind shall be allowed thereon except as provided in this chapter." The point made is this. A defense in the nature of a counter-claim cannot be made in a partition action, therefore a defendant in a foreclosure proceeding cannot ask for relief which involves the partition of the land. Without determining that the relief claimed is based upon a defense in the nature of a counter-claim, it is very plain that the provision is not applicable either in its terms or spirit to the case before us. The prohibition is confined to partition actions; this is an action of foreclosure. In a partition action under §§ 3281, 3286, 3287, the rights of an incumbrancer defendant holding a lien on an undivided interest of the land, and of a tenant in common whose interest is not covered by the lien, may be settled in the manner prayed for in appellant's pleading stricken from the files by the order of the court below. The section in question, then, does not prohibit the settlement of conflicting rights of incumbrancers and tenants in common, in the form of action to which by its very words it is applicable. If applied to another form of action, foreclosure, its spirit must be preserved, and it must be given a like effect. It would therefore authorize the relief prayed for by appellant. But we do not hold that the section can be extended to other forms of action, but simply state these views to show the unsoundness of the position under consideration.

Appellant's rights in this action are founded upon chancery rules. Equity has jurisdiction to grant him the relief asked, which is based upon the very subject matter of the action, and is sought by a pleading in the nature of a cross-bill. Story's Eq. Pl. §§ 389, 399. That pleading, therefore, presented proper matters within the cognizance of the court in the action, and should have been permitted to stand.

REVERSED.