## SIGLER v. HIDY ET AL.

1. **Practice**: PLEADING: COUNTER CLAIM. In an action on a promissory note a defendant may by counter claim attack the validity of the note and ask an affirmative judgment in his favor, and such counter claim will not be rendered inadmissible by the fact that it is in the nature of a petition in replevin, and prays possession of the note, such relief being equivalent to its cancellation.

2. ———: COUNTER CLAIM: DISMISSAL OF ACTION. The dismissal of an action on a promissory note without prejudice by the plaintiff will not entitle him to a dismissal of a counter claim asking a cancellation of the note.

*Appeal from Decatur Circuit Court.*

TUESDAY, JUNE 21.

THIS action was brought to recover upon a promissory note executed by the defendants, Solomon Hidy and D. K. Maxwell, to the Farmers' Manufacturing Co., and indorsed to the plaintiff. The defendants for answer averred that the note was obtained by fraud, that it was without consideration, and that it had been altered in a material respect by an erasure. The plaintiff for reply denied the averments of the answer.

The defendants filed what they call a counter claim setting up substantially the same facts averred in their answer, and averring also that they are entitled to the possession of the note and that the same is wrongfully detained by the plaintiff. They also aver that the value of the note is $200, and that the alleged cause of detention is that the plaintiff claims to own the note, and they aver that they have been damaged by reason of the wrongful detention in the sum of $50. They

pray for judgment for possession of the note, and in case it cannot be found that they have judgment for $500 and costs.

Afterwards the plaintiff dismissed his action without prejudice and made an oral motion that the counter claim be dismissed, which motion the court sustained, to which the defendants excepted. From the order dismissing the counter claim the defendants appeal.

*Stuart Brothers*, for appellants.

*Willson Brothers & Mitchell*, and *Nourse, Kauffman & Jackson*, for appellee.

ADAMS, CH. J.—The appellee insists that the counter claim was properly dismissed because it was in the nature of an action in replevin to recover possession of the note, and that conceding the averments of the counter claim to be true, the appellants were entitled only to a cancellation of the note, and certainly not to possession until a judgment of cancellation had been rendered.

1. PRACTICE: pleading: coun.er claim.

As the appellants in their counter claim set up that the note has been altered, and as it would be the right of the appellee to produce the note in evidence for the purpose of showing, if such was the fact, that it did not appear to have been altered, we are inclined to think that it was the right of the appellee to hold the note as his evidence until judgment had been rendered.

But this question does not arise. The appellants did not demand the immediate delivery to them of the note. They did not indeed put themselves in position to demand it. They certainly could not obtain a writ of replevin or order for the immediate delivery to them of the note without filing a bond, and no bond was filed. The counter claim, then, contemplated that the note was to remain in the hands of the appellee until the rendition of the judgment.

That the appellants were entitled to a judgment of cancellation if sought in the proper way, and if the facts averred

are true, could not, we think, be denied.   Now while the appellants do not pray for cancellation, but for possession, we cannot think that the judgment they pray for would in any way impair the appellee's rights if the note ought to be canceled.   A judgment for possession might, we think, be regarded only as a more effective mode of reaching the same result which would be reached by cancellation.

We have, then, the question whether in a counter claim the appellants may attack the validity of the note and ask for an affirmative judgment in their favor of such character as shall protect them hereafter against any action upon the note.   In our opinion they can.

A counter claim may be set up where the defendants have a cause of action connected with the subject of the action. Code, § 2659, subdivision 2.  In *Revere Insurance Co. v. Chamberlin, post,* 508, the subject of an action was held to be the thing or subject matter to which the litigation pertains.   In this case then the subject of the action was the note.   The appellants' counter claim is certainly connected with it, being set up for the purpose of obtaining possession of the note.

But it is said by the appellee that the counter claim is in the nature of replevin; that under the Code, section 3226, there cannot in an action of replevin be a counter claim; that as the provision must have been based upon the supposed inconsistency of allowing the defendant to demand by counter claim a money judgment against the plaintiff, who was demanding nothing but the possession of property, so there would be the same inconsistency where the plaintiff demands a money judgment to allow the defendant by way of counter claim to demand the possession of property.

To this we think it may be said that section 2659, above cited, appears to be broad enough to allow this counter claim, and it is not expressly excluded by any provision.   Nor do we think that it can be excluded merely upon principle, for, while the counter claim is upon its face in the nature of a

possessory action, it differs from ordinary possessory actions. Where the possession of a note is sought by the maker it is not because he claims to be entitled to it as property so far as his relation to it is concerned, but because he is entitled to be protected against it as evidence of a claim. Possibly in such case the maker should be allowed to seek only the cancellation of the note, but in *Savery v. Hays*, 20 Iowa, 25, it was held that the maker of a note may maintain replevin where he is entitled to cancellation. But because he may bring a possessory action, it must not be forgotten that it is only for the purpose of reaching the same result that would be reached by cancellation. It appears to us, therefore, that the counter claim was allowable.

The appellee insists, however, that if such counter claim was allowable when filed the court did not err in dismissing it when the action was dismissed. The appellee's argument is that if the counter claim is allowed now it would be to his prejudice, and that he dismissed his action without prejudice, as he had a right to do.

2. ——: counter claim: dismissal of action.

It was doubtless his right to dismiss without being prejudiced by the dismissal. We think his right did not extend further. In the trial of the issues tendered by the counter claim he would lack no advantages which he would have enjoyed with his action pending.

In dismissing the counter claim we think that the court erred.

REVERSED.