MICHAEL SWITAJ, Plaintiff, *v.* ANNA SWITAJ et al., Defendants.

Supreme Court, Special Term, New York County, November 20, 1943.

*Walter J. Bayer* for plaintiff.

*Abraham H. Jackness* and *John E. Christ* for Anna Switaj, defendant.

WASSERVOGEL, J. Plaintiff brings this action for a declaratory judgment to establish his ownership of a bank account in the defendant bank which presently is in the name of his wife who is also made a party defendant. The defendant wife in her answer pleads two separate counterclaims: the first for a separation on the ground of abandonment and cruel and inhuman treatment, and the second for a money judgment for moneys expended by her during a period of twelve years for necessaries and maintenance and support for herself and the children of the marriage. This motion is made by the plaintiff to dismiss the counterclaims on the ground that because of their nature they are improperly interposed in the type of action instituted by him. Although the amendment of section 266 of the Civil Practice Act enacted in 1936 eliminated the restrictions theretofore existing under that section as to the interposition of counterclaims, it cannot be held that the specific restrictions imposed by section 1168 were eliminated by inference. To hold that they were would be to render section 1168 meaningless. The legislative amendment of section 1168 to include annulment cases enacted in the year following the amendment of section 266 is a clear indication by the Legislature that section 1168 was to continue operative as a limitation upon section 266 despite the broadening of section 266 in the previous year. Accordingly, the court is constrained to grant the motion with respect to the first counterclaim. The second counterclaim, however, is not within the specific language of section 1168. It is therefore not subject to its limitations and the motion with respect to it is therefore denied. Settle order.