FRED ORNSTEIN, an Infant, by MORRIS ORNSTEIN, His Guardian ad Litem, et al., Appellants, v. CHARLES W. CASPER, Respondent.— In an action to recover damages resulting from personal injuries alleged to have been occasioned by defendant's negligent operation of an automobile, order denying plaintiffs' motion to modify defendant's demand for a bill of particulars, insofar as appealed from, affirmed, without costs. Plaintiffs' time within which to serve the bill of particulars is extended to ten days after entry of an order hereon. No opinion. Nolan, P.J., Carswell, Johnston, Adel and Sneed, JJ., concur.

HARRY PANZER, Respondent, v. IRVING W. PANZER et al., Appellants, et al., Defendants.— Action for a partnership dissolution and accounting, etc., wherein one of the defendants sets forth a counterclaim against the plaintiff to recover on a contract for the sale of stock. Order dismissing the counterclaim, without prejudice to the bringing of a separate action for the cause set forth therein, and the judgment entered on the order, reversed on the law and the facts, with $10 costs and disbursements, and the motion to dismiss the counterclaim denied, without costs. Plaintiff's time within which to reply to the counterclaim is extended until ten days after the entry of an order hereon. The sole test consonant with the purpose of a counterclaim should be whether or not the counterclaim can be conveniently and justly determined in connection with the plaintiff's cause of action. (Second Annual Report of N. Y. Judicial Council, 1936, pp. 117, 123.) In this case even if it be assumed that the counterclaim does not meet the test, it is not required at this stage to dismiss the counterclaim and relegate the party to the bringing of a separate action. Under section 262 of the Civil Practice Act, the court may sever the causes and order separate trials or, if necessary, direct the priority of the trials. Carswell, Acting P.J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

HARRY PANZER, Respondent, v. IRVING W. PANZER et al., Appellants.— Action for a partnership dissolution and accounting, etc., wherein one of the defendants sets forth a counterclaim against the plaintiff to recover for the sale of stock. Order dismissing the counterclaim, without prejudice to the bringing of a separate action for the cause set forth therein, and the judgment entered on the order, reversed on the law and the facts, without costs, and the motion to dismiss the counterclaim denied, without costs. Plaintiff's time within which to reply to the counterclaim is extended until ten days after the entry of an order hereon. (See *Panzer* v. *Panzer, ante*, p. 940, decided simultaneously herewith.) Carswell, Acting P.J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AARON JOHNSON, Appellant.— Appeal by defendant from a judgment of the County Court of Kings County, convicting him of the crime of murder in the first degree. (Penal Law, § 1045-a.) Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LOPATA, Appellant.— Order of the County Court of Westchester County denying appellant's motion for an order in the nature of a writ of error *coram nobis*, affirmed. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See *post*, p. 1005.]