DOROTHEA K. MATTHEWS, Plaintiff, *v.* MARK MATTHEWS, Defendant.

Supreme Court, Special Term, Nassau County, November 16, 1948.

*Samuel Finkelstein* for plaintiff.

*George Mulry* for defendant.

DALY, J. In an action for a separation the defendant interposed an answer setting forth counterclaims for absolute divorce and a declaration that he is the true and lawful owner of certain real property. The plaintiff now moves for an order dismissing the counterclaim involving the real property, on the ground that the court has no jurisdiction to entertain such a counterclaim in a matrimonial action.

This may have been true prior to September 1, 1948, the effective date of chapter 282 of the Laws of 1948, which repealed section 1168 of the Civil Practice Act and thus eliminated the special restrictive statutory limitations in respect to counterclaims in matrimonial actions. (See Fourteenth Annual Report

of N. Y. Judicial Council, 1948, pp. 53, 55, 221–227.) The repeal of section 1168 removed these limitations and now allows, as in other actions, the adjudication of as many controversies between a husband and a wife as the court may think it wise to be tried together. Thus the court has jurisdiction to try a counterclaim of the character herein sought to be eliminated, but is vested with discretion to order a severance of the action or a separate trial, or to strike out the counterclaim without prejudice to the bringing of a separate action thereon. (Civ. Prac. Act, § 262.)

None of the foregoing relief is sought by the instant application. Indeed it appears that the court has already ordered the real estate counterclaim to be tried separately, and the divorce counterclaim has already resulted in a decision in favor of the defendant. Under all the circumstances, therefore, the motion is in all respects denied. Submit order.