HAROLD CECIL, Plaintiff, *v.* EILEEN CECIL, Defendant.

Supreme Court, Special Term, Bronx County, October 18, 1950.

*Raphael & Conlon* for plaintiff.

*Abraham Lillienthal* for defendant.

HAMMER, J. This is an action brought by a husband against his wife for the partition of real property and to recover money loaned, and for conversion of personal property. The answer interposed contains two counterclaims, the first asserting that

the conveyance of a one-half interest in the real property, as alleged in the complaint, was obtained by fraud, trickery and deceit and seeks a cancellation of the conveyance. The second counterclaim is for an annulment for fraud substantially upon the grounds alleged in the first counterclaim. Plaintiff now moves to strike out the second counterclaim on the ground that " it is improper and not a counterclaim properly insertable in the action "; in other words, that defendant may not assert a counterclaim for an annulment in an action in partition. Prior to 1948, matrimonial counterclaims could be interposed only in matrimonial actions (*White* v. *White,* 271 App. Div. 581; *Switaj* v. *Switaj,* 181 Misc. 104). Chapter 282 of the Laws of 1948, repealed section 1168 of the Civil Practice Act, effective September 1, 1948 and thus authorized the interposition of a counterclaim for a divorce, separation or annulment in any civil action brought between a husband and wife. This repeal of section 1168 removed the prior limitations and now allows, as in other actions, the adjudication of as many controversies between a husband and wife as the court may think it wise to be tried together. (*Matthews* v. *Matthews,* 193 Misc. 258; Fourteenth Annual Report of N. Y. Judicial Council, 1948, pp. 53, 55, 221–227.) The broad provisions of sections 262 and 266 of the Civil Practice Act now govern such counterclaims. Under section 262 of the Civil Practice Act, the court may sever the causes and order separate trials, or, if necessary, direct the priority of trials (*Panzer* v. *Panzer,* 274 App. Div. 940; *Matthews* v. *Matthews, supra*). Accordingly, in the light of the foregoing authorities, the motion to strike out is denied, but a severance and separate trial of the cause of action for annulment, as interposed in the second counterclaim, is directed. Settle order accordingly.