FRANK LINSCOTT, appellant, v. BERTHA LECOCQ LINSCOTT, appellee.

No. 48022.

(Reported in 51 N.W.2d 428)

336

FEBRUARY 5, 1952.

Dickinson & Dickinson, of Des Moines, for appellant.

J. D. Reynolds and D. W. Harper, both of Creston, for appellee.

MULRONEY, J.—Frank Linscott, a resident of Wisconsin, sued his wife, Bertha, in the district court of Union County where she resided. The petition set forth a contract signed by plaintiff and defendant, designed to settle their property rights at the time they separated, some months before, and alleged that plaintiff signed the contract by reason of the fraud, duress, coercion, and overreaching of defendant. The prayer was for a decree holding the contract void and for judgment for $4000, the amount plaintiff had paid defendant under the contract and for other equitable relief.

The first division of defendant's answer amounts to a denial and the second division is a petition in equity for a divorce on the grounds of cruel and inhuman treatment, and, in addition, the

prayer asks for attorney fees and suit expenses for defendant in the sum of $1000 and temporary and permanent alimony in the sum of $25,000.

Plaintiff filed a special appearance to Division II of· the answer and, when this was overruled, a motion to strike the division. The trial court overruled the motion to strike and we granted to plaintiff the right to appeal from the above rulings.

I. As we construe the pleadings, Division II of the answer is a counterclaim. Wilson v. Wilson, 40 Iowa 230. It is not entitled counterclaim but that is not important. 71 C. J. S., Pleading, section 173. It is the statement in a separate division (as required by rule 72, Rules of Civil Procedure) of defendant's cause of action against plaintiff. While our Rules of Civil Procedure have made some procedural changes with respect to counterclaims, we think the term "counterclaim" carries the same meaning it bore in the statutes which the rules supersede. Prior to the adoption of the Rules of Civil Procedure the word "counterclaim" as it appeared in our Code was used to embrace the terms: set-off, counterclaim and cross-demand. See 24 Iowa Law Review 314, quoting report of the Code Commissioners (Code of 1873): "The frequent repetition of the terms set-off, counterclaim and cross-demand have induced us to use the term counterclaim alone and embrace in the definition thereof all subjects which heretofore have been embraced in all."

II. Section 598.2, Code, 1950, provides: "An action for a divorce shall be by equitable proceedings, and no cause of action, save for alimony, shall be joined therewith." Plaintiff argues the counterclaim for divorce constitutes a joinder of a divorce action with his action on the contract and it is therefore barred under the above statute. Defendant contends that the contract which is the basis of plaintiff's suit was the adjustment of property rights between the parties and as such it falls within the definition of a suit involving alimony and her counterclaim is therefore not barred by the above statute. Plaintiff's suit is not an action for alimony. The answer to plaintiff's argument is that Division II of the answer is not a "joinder" of the action therein stated with the action stated in the petition. A joinder of actions is "the statement of more than one cause of action in a declaration." 1 C. J. S., Actions, section 61. It is: "The union of two or

more causes of action in the same declaration." Bouvier Law Dict., sub verbo "Joinder."

Hammond v. Perry, 38 Iowa 217, 219, and Sigler v. Hidy, 56 Iowa 504, 9 N.W. 374, are somewhat in point. In the Hammond case there was a statute (section 3277, Code of 1873) providing: "The action for partition shall be by equitable proceedings, and no joinder or counterclaim of any other kind shall be allowed therein except as provided in this chapter." The action was for foreclosure of a mortgage and the defense was "in the nature of a counterclaim" for partition of the realty. In allowing the counterclaim we pointed out: "The prohibition is confined to partition actions; this is an action of foreclosure."

In the Sigler case there was a similar statute (section 3226, Code of 1873) governing replevin actions, providing there could be no joinder of a replevin action with an action not of the same kind and no counterclaim. We held that in a suit on a note the defendant could counterclaim by a replevin action to recover possession of the note.

III. The briefs also contain arguments with respect to a misjoinder based on rule 27(b), Rules of Civil Procedure. Because we hold the statement of a single action in a petition and the statement of a single action in a counterclaim do not constitute a joinder of actions within the statute or rules we need not consider the argument further.

IV. Plaintiff also argues the court would be without jurisdiction to hear the divorce action counterclaim because plaintiff was a nonresident and no notice of this action was served upon him. In our opinion the fact that plaintiff was a nonresident is immaterial. The issues presented on this interlocutory appeal will all be decided by the answer to a single question. Was the action defendant stated against plaintiff an allowable counterclaim under the Iowa Rules of Civil Procedure? If it was, the court would have jurisdiction without the service of notice of the divorce action on plaintiff. Service of notice of counterclaim is not required by statute or rule in Iowa. The plaintiff invoked the jurisdiction of the Iowa courts by filing his petition. By this act he submitted himself to the jurisdiction of the Iowa court as to any counterclaim allowed under the procedural rules and statutes

of this state. As stated in Restatement, Conflict of Laws, section 83:

"A plaintiff by bringing an action in a state subjects himself to the jurisdiction of the state as to the claim sued upon, and, if the law of the state so provides at the time the plaintiff brings his action, as to any set-off, counterclaim or cross-action brought against him by the defendant during the pendency of the first action."

A similar rule is contained in Restatement, Judgments, section 21, comment c, and in the comment following the rule it is stated:

"The plaintiff by bringing his action subjects himself to the jurisdiction of the court as to any counterclaim which the defendant properly makes against him, even though the plaintiff is not otherwise subject to the jurisdiction of the state. This is true whether under the law of the state the defendant is permitted to make a counterclaim only where it arises out of the transaction or occurrence which is the subject matter of plaintiff's claim, or whether he is permitted to include in his counterclaim any claim which he may have against the plaintiff."

Our rules with respect to the right to file a counterclaim, which we discuss in the next division, are the same as Rule 13, Federal Rules of Civil Procedure. General Elec. Co. v. Marvel Rare Metals Co., 287 U. S. 430, 53 S. Ct. 202, 77 L. Ed. 408, is somewhat in point. There it was held a person's right to be sued in his home district for patent infringement (Equity Rule 30 and section 48 Judicial Code) would not bar a counterclaim for infringement in a suit brought by the alleged infringer in another district.

█ V. We can assume defendant's counterclaim was not within the rule compelling the filing of a counterclaim "arising out of the transaction or occurrence that is the basis" of plaintiff's action. Rule 29, Rules of Civil Procedure. The question is whether it was a permissive counterclaim under rule 30, Rules of Civil Procedure, providing: "Unless prohibited by rule or statute, a party may counterclaim against an opposing party on any cause of action held by him when the action was originally commenced,

and matured when pleaded." This language is broad and we see no reason why defendant's counterclaim is not within the inclusion of the rule. As we have previously pointed out, the counterclaim would not be prohibited by the statute, section 598.2, Code, 1950, and there is no rule barring the filing of such a counterclaim. It was an action held by the defendant at the time plaintiff commenced his action and it was a matured claim at the time it was pleaded. After all, both actions are based on contracts between the parties. Plaintiff by his petition seeks the avoidance of a written contract he and defendant entered into. Defendant by her counterclaim seeks the remedies granted by law by reason of plaintiff's alleged breach of a marriage contract she and plaintiff entered into. Mott v. Mott, 82 Cal. 413, 22 P. 1140. That defendant's counterclaim, if established, would not or might not serve to defeat or diminish plaintiff's claim is unimportant. Rule 32 specifically provides: "A counterclaim may, but need not, diminish or defeat recovery sought by the opposing party. It may claim relief in excess of, or different from, that sought in the opponent's pleadings."

VI. Statutes in most jurisdictions have broadened the early common-law remedy of counterclaim. The limitations in such statutes on the right to file a counterclaim have generally received a liberal construction where equitable rights are in controversy. 71 C. J. S., Pleading, section 167. The common-law limitation that a counterclaim could only reduce what the plaintiff asked for was broadened by statute in this state in the Code of 1851, section 1740. The statute with respect to permissive counterclaims in this state, section 11151, paragraph 3, Code of 1939, which the above quoted rules supersede, appeared in exactly the same language in section 2659, Code of 1873. The statute provided that a counterclaim must be: "Any new matter constituting a cause of action in favor of the defendant * * * and which the defendant * * * might have brought when suit was commenced, or which was then held, either matured or not, if matured when so pleaded." It is apparent that the statute which existed before the rules granting the right to counterclaim on "any new matter" was based on the idea of settling all differences between the parties in one controversy. See "Development of Counterclaim in Iowa", 24 Iowa Law Review 310–328. We said in Allen v. Mad-

dox, 40 Iowa 124, 128, 129, that the cross-demand allowed under the above statute would "apply to all claims not covered by the definition of counterclaim and set-off;" and that "causes of action. not resting on contracts may be pleaded as cross-demands in actions upon contracts; and causes of action upon contracts may be so pleaded in actions of tort."

The experience in New York is interesting. There the earlier civil practice acts limited matrimonial counterclaims to matrimonial actions but after the 1948 report of the judicial council the above provision in the civil practice act was repealed and a new act passed allowing a counterclaim for divorce, separation, or annulment in any civil action between a husband and wife. Matthews v. Matthews, 193 Misc. 258, 84 N. Y. S.2d 197; Cecil v. Cecil, 198 Misc. 653, 102 N. Y. S.2d 874.

The rulings appealed from are affirmed.—Affirmed.

THOMPSON, C. J., and BLISS, OLIVER, GARFIELD, WENNERSTRUM and HAYS, JJ., concur.

SMITH, J., not sitting.