**Doris CRAM**

v.

**NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.**

**Civ. A. No. 1874.**

United States District Court
D. New Hampshire.

June 30, 1958.

James J. Kalled, Wolfeboro, N. H., for plaintiff.

Burns, Calderwood, Bryant & Hinchey, Stanley M. Burns, Dover, N. H., for defendant.

CONNOR, District Judge.

This is a motion to remand the case to the state court on the ground that this suit does not constitute a "separate and

independent cause of action" within the meaning of Title 28, section 1441(c).[1]

Plaintiff originally brought suits against the White Mountain Power Company, Union Telephone and this defendant in the state court for injuries allegedly suffered when the automobile in which she was riding struck a utility pole. Plaintiff and two of the utilities are citizens of New Hampshire, and the instant defendant is a citizen of New York. It was represented at the hearing on this motion by plaintiff's counsel that the three utilities were either joint owners or joint occupiers of the pole, that the three separate complaints which were brought against them in the state court were practically identical, and that plaintiff's reason for bringing three actions rather than joining all the defendants in one action was because of plaintiff's office procedure. For disposition of this motion, these representations may be taken as true.

I have concluded that the motion to remand should be granted. The actions brought in the state court, even though commenced by three separate writs, are in reality equivalent to one suit alleging a single indivisible injury caused by joint tortfeasors. If plaintiff were to have obtained judgments against all three, she would nevertheless be entitled to only one satisfaction. A definition of joint tortfeasors which fits the alleged facts in this case has been given in Carpenter v. W. H. McElwain Company, 78 N.H. 118, 121, 97 A. 560, 561:

"It is not necessary that there should be concerted action on the part of both defendants. If the negligence of each was a proximate cause of the single indivisible injury to the plaintiff, a common liability therefor is established."

■ Since plaintiff's injury was allegedly caused by joint tortfeasors, it follows, by the great weight of authority, that there can be no removal by one of the joint tortfeasors. The rule is stated in Knight v. Chrysler Corporation, D.C. N.J.1955, 134 F.Supp. 598, 600:

"Joint liability among defendants some of whom have and some of whom do not have a common state citizenship with their plaintiff has consistently been held to foreclose a finding of a 'separate and independent * * * cause of action' [within the meaning of Title 28, sec. 1441(c)]."[2]

■ It is stated in American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702, that in determining whether there is a separate and independent cause of action, the plaintiff's pleading controls. Defendant argues that plaintiff's pleadings show that she had separate claims because she filed three separate pleadings in three actions. But this statement of the Supreme Court should not be interpreted to mean that plaintiff's state court pleadings allege separate and independent causes of action merely because the suits against the three utilities are pro forma separate, and joint liability is not alleged. The statement referred to means simply that the substantive import of the pleadings at the time of the removal controls, and later substantive amendments are disregarded.

The statement in the Finn case cites Pullman Company v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, in which the court decided that a post-removal amendment, joining a resident and non-resident, and charging liability under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is not to be considered in determining whether the original complaint alleged a separate and independent cause of action. This amendment purported to work a substantial

---

1. 1441(c). "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

2. See cases cited in the Knight case.

change in the original pleading. Other cases cited in the Jenkins case hold that later substantive amendments are not to be considered. St. Paul Mercury Indemnity Co. v. Red Cab Company, 1938, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (subsequent reduction of jurisdictional amount is irrelevant). The statement in Finn, then, that in determining whether there is a separate and independent cause of action plaintiff's original pleading controls, means only that later substantive amendments are not to be considered. It does not mean that a procedural failure to join defendants in one action, or an absence of a formal allegation of joint liability is fatal.

Plaintiff's motion is granted and the action is remanded to the Superior Court of Strafford County.