**Doris T. ROBY, Administratrix of Jilbete Roby**

v.

**The MAINE CENTRAL RAILROAD.**
**Leonard WILLIAMS, Administrator of the Estate of Rose Pauline Bedard**

v.

**The MAINE CENTRAL RAILROAD.**
**Civ. A. Nos. 2504 and 2506.**

United States District Court
D. New Hampshire.
June 17, 1965.

---

11. D.C., 115 F.2d 308.

John E. Gormley, Lancaster, N. H., for Doris T. Roby, Administratrix of Jilbete Roby.

Ivorey Cobb, Colebrook, N. H., for Leonard Williams, Administrator of the estate of Rose Pauline Bedard.

Hinkley & Donovan, Walter D. Hinkley, Lancester, N. H., for defendant.

CONNOR, District Judge.

These cases arise out of a collision at a railroad crossing between a train of the defendant Maine Central Railroad and the car in which plaintiffs' decedents were riding. The car was driven by one Henry Bedard, who also died in the collision. Plaintiff Roby, a citizen of New Hampshire, brought a suit against the railroad, a citizen of Maine, and a separate suit against the estate of Henry Bedard, a citizen of New Hampshire, in Coos County Superior Court. Plaintiff Williams, also a citizen of New Hampshire, did the same. Hence, plaintiffs had instituted four actions in the Superior Court: two against the railroad and two against Bedard's estate.

The railroad removed the actions against it to this court. Now plaintiffs move to remand the actions, contending that no removal is authorized since "no separate and independent claim or cause of action" is stated against the railroad.

Plaintiffs' contentions would be correct had the railroad and Bedard's estate been joined in single actions as joint tortfeasors. In such a situation, the actions would display no complete diversity of citizenship and the railroad would have to rely on the provisions of 28 U.S.C. § 1441(c) to preserve its right to remove. 28 U.S.C. § 1441(c) states:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or

more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Under this statute, even where an action displays no complete diversity of citizenship as between plaintiff and defendants, a defendant whose citizenship differs from the plaintiff's may effect removal of all or part of the action. However, the statute operates only if the claim stated against the removing defendant is "separate and independent" from the claim stated against the defendant who shares the same citizenship with the plaintiff.

■ Where a plaintiff joins one defendant whose citizenship is the same as his own with another defendant whose citizenship is diverse from his own, in a single action charging defendants with joint causation of single injury, no "separate and independent claim or cause of action" is stated against the defendant whose citizenship differs from the plaintiff's. The "claim or cause of action" is plaintiff's *injury* and in such a situation, section 1441(c) does not operate to preserve any right to remove. See text and cases cited in 1A Moore's Federal Practice (2d Ed.) 654–655 at Note 10; and at page 706, Note 6. This principle was stated by the Court in Cram v. New England Telephone & Telegraph Company, 172 F.Supp. 395 (D.C.N.H.1958), and to that extent, the Cram decision is re-affirmed.

■ Section 1441(c) is applicable where, through *joinder* of claims, there appears to be no complete diversity of citizenship in the case. "Joinder" means the uniting of several parties, or of several claims in one complaint or declaration. See Linscott v. Linscott, 243 Iowa 335, 51 N.W.2d 428, 30 A.L.R.2d 789; Black, Law Dictionary (4th Ed.) 971. Under this definition, in the present case there was no joinder of claims or of defendants in the state court. Plaintiffs brought separate actions, as they were

entitled to do, against the railroad and against Bedard's estate. The writs issued against the railroad taken by themselves display no defect of federal jurisdiction; there appears to be complete diversity of citizenship and amounts in controversy exceeding $10,000, thereby satisfying the requirements of 28 U.S.C. § 1441(a) and § 1332(a)(1). Section 1441(c) and its requirement of "separate and independent claim or cause of action" would appear to have no bearing on removal of the cases against the railroad.

But plaintiffs contend, in effect, that the actions in the state court against the railroad were distinct from the actions against Bedard's estate in form only; that they arise out of the same incident, that they seek recovery for the same injury, that they would invariably be tried together under the state practice and that they would yield only one satisfaction of judgment, even if both defendants were held liable. Counsel for plaintiffs stated at the hearing that he had always brought separate actions in joint-causation cases, as a matter of routine. Hence, plaintiffs would have it that even though the railroad and Bedard's estate were sued separately, they should be deemed to have been joined in single actions wherein lack of complete diversity of citizenship would initially prevent removal by the railroad and wherein section 1441(c) would not be available to preserve the railroad's ability to remove.

But the Court concludes that it should not recast the plaintiffs' original pleadings, which presented no barriers to the railroad's removal. To do so would deprive the railroad of a right conferred on it by statute to remove actions against it which involve diversity of citizenship and an amount in controversy exceeding $10,000.

Plaintiffs were masters of their own pleadings; nothing forced them to bring separate writs against the railroad and against Bedard's estate. It is settled that removability depends to a great extent on how the plaintiff draws his pleadings. "Removability is dependent upon

the course of pleading actually used by the pleader and not by what he could have asserted had he so chosen." Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957). Though this principle is usually stated where a plaintiff has drawn his pleadings in such a way as to *prevent* removal, the Court sees no reason why it should not be applied to this case, where plaintiffs have, in effect, drawn their pleadings in such a way as to *permit* removal.

In this case, plaintiffs chose to bring actions against the railroad separate from the actions against Bedard's estate, and the Court believes they should be held to this choice. The mere fact that plaintiffs *could* have joined the railroad and Bedard's estate in the original actions and so have prevented removal by the railroad, does not require the Court to revise plaintiffs' choice at this time, to recast plaintiffs' original pleadings and so deprive the railroad of its right to remove. Furthermore, the Court is unaware of any authority which would authorize such action, or allow it to find a joinder where in fact there has been none.

Insofar as the Cram decision, supra, treated several distinct actions brought in the state court as a single action joining several defendants, it is overruled.

The Court appreciates plaintiffs' desire to try their actions against the railroad and Bedard's estate together in the state court. Plaintiffs are not without means to achieve their objective; under Rule 41(a)(2) of the Federal Rules of Civil Procedure, they may apply for an order permitting voluntary dismissal of their actions against the railroad upon proper terms and conditions. Without intending to forecast the disposition of such a motion, if a voluntary dismissal were granted plaintiffs could then amend their writs against Bedard's estate in the state court, adding the railroad as party defendant.

However, for reasons previously stated, plaintiffs' motions to remand must be denied.

It is so ordered.