**TELECO, INC., a corporation,**
**Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation,**
**Defendant.**

**Civ. No. 73–204–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

April 10, 1973.

See also, D.C., 392 F.Supp. 692.

Collier Pate, Oklahoma City, Okl., for plaintiff.

Robert D. Allen, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The Court has under consideration Plaintiff's Motion To Sever Claims and Remand the above case to the State Court from which removal was effected. Defendant opposes the Motion.

It appears that Defendant suspended telephone service to the Plaintiff on July 14, 1972. As a result on July 17, 1972 Plaintiff sued Defendant in the District Court of Oklahoma County, Oklahoma claiming a breach of contract by Defendant by wrongfully suspending Plaintiff's telephone service. Diversity of citizenship was present in this case but the monetary relief sought in the amount of $9,500.00 did not meet the jurisdictional amount requirement for removal. On March 20, 1973 Plaintiff filed a second case against Defendant in the District Court of Oklahoma County, Oklahoma based on the same suspension of telephone service on July 14, 1972 in which Plaintiff claimed that by reason thereof Defendant converted personal property of the Plaintiff for which damages are sought in the amount of $55,300.00.

By its Motion under consideration, Plaintiff requests the Court to send back the earlier case but apparently has no objection to the Court retaining the last filed case. Plaintiff's reliance in this connection on 28 U.S.C. § 1441(c) is misplaced. Plaintiff's two State Court cases are not separate and independent claims or causes of action for they arise from a single wrong. American Fire & Cas.

Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Defendant in opposing the Motion asserts that Plaintiff has but one case against Defendant arising from an alleged single wrong, the alleged wrongful suspension of telephone service and has improperly split its cause of action against Defendant by filing one case on a theory of breach of contract for certain damages and the other case on the tort theory of conversion of personal property for certain damages.[1] The State Court has not consolidated the two cases. A pending motion for such consolidation cannot be entertained by the State Court by reason of it being prohibited from further action in the two cases by reason of the removal to this Court effected by the Defendant.

As Plaintiff's claims all arise from a single incident, the alleged wrongful suspension by Defendant of telephone service to it, Plaintiff has but one civil action against the Defendant within the meaning of Title 28, United States Code Section 1441(a). Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954). As the amount of damages Plaintiff sought against Defendant in the first State Court action was below $10,000 removal was not permissible. However, when Plaintiff on the same alleged wrongful suspension of telephone service made a claim for additional damages in the second State Court action, Plaintiff's civil action against the Defendant then for the first time became removable in its entirety and Defendant removed the same within the required time period.[2]

The Court is not agreeable to severing the first case from the second case

1. In this regard Defendant cites Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., Okl., 436 P.2d 654. This case holds:

"From the foregoing it follows that the defendant has a right to be proceeded against in a single action by any injured party for his single wrong or tort, and that he is not to be subjected to defense of multiple actions arising from his single wrong or tort upon separate or separable

items of damage arising from that single wrong or tort for which he has but a single liability."

2. If Plaintiff had amended his first State Court Petition to seek the additional damages the case would have been removable at the time amended. The same result obtains when Plaintiff files a second action in lieu of such Amendment.

in these circumstances and allow the Plaintiff to litigate part of its claim against Defendant in the State Court and then litigate the rest of its claim against Defendant in Federal Court. This Court considers Plaintiff as having but one civil action for damages based on the substantive import of Plaintiff's two Petitions at time of removal[3] and this Court will in due course consolidate the two State Court Petitions for trial in this Court. The Court will thus entertain Plaintiff's civil action against Defendant for any and all proper damages which Plaintiff may be entitled to recover if Plaintiff's right thereto is established.

Plaintiff's Motion To Sever Claims And Remand is overruled this 10th day of April, 1973.

See also D.C., 392 F.Supp. 690.

---

3. In Cram v. New England Telephone & Telegraph Company, D.C., 172 F.Supp. 395 it was held:

> "It is stated in American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 14, 71 S. Ct. 534, 95 L.Ed. 702, that in determining whether there is a separate and independent cause of action, the plaintiff's pleading controls. Defendant argues that plaintiff's pleadings show that she had separate claims because she filed three separate pleadings in three actions. But this statement of the Supreme Court should not be interpreted to mean that plaintiff's state court pleadings allege separate and independent causes of action merely because the suits against the three utilities are pro forma separate, and joint liability is not alleged. The statement referred to means simply that the substantive import of the pleadings at the time of the removal controls, and later substantive amendments are disregarded."