**Sharon K. CRIER**

v.

**ZIMMER, INC.**

**Civ. A. No. 83–2221.**

United States District Court,
E.D. Louisiana.

June 22, 1983.

Joseph Thomas, New Orleans, La., for plaintiff.

Lawrence McNamara, New Orleans, La., for defendants.

---

## ORDER

CHARLES SCHWARTZ, Jr., District Judge.

Plaintiff, a resident of Louisiana, instituted a products liability suit in the Civil District Court for the Parish of Orleans on March 23, 1983 against Zimmer, Inc., incorporated in the State of Delaware, with its principal place of business in Warsaw, Indiana. That same day, a separate action, based on negligence, was also commenced in state court by plaintiff against Dr. Thomas S. Whitecloud, III and Children's Hospital, both citizens of Louisiana. The two cases were consolidated for trial on motion of plaintiff on April 6, 1983 in Division "E" of the Civil District Court. Defendant Zimmer, Inc. timely filed a petition for removal of the suit filed against it on May 2, 1983 with the United States District Court for the Eastern District of Louisiana, on the basis of diversity of citizenship of the parties to the suit removed. Plaintiff filed a motion to remand on May 27, 1983, contending that less than all defendants joined in the petition for removal, and arguing that Dr. Whitecloud and Children's Hospital are defendants for purposes of removal. Defendant Zimmer, Inc., claims that complete diversity not only existed at the time of removal, but that it continues to exist as it is the only named defendant in the plaintiff's petition entitled "Sharon K. Crier v. Zimmer, Inc.," which petition was the only one removed.

Removal is proper in a diversity case "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The propriety of removal is determined by examining plaintiff's pleadings as they stand at the time the petition for removal is filed. *In Re Carter,* 618 F.2d 1093 (5th Cir.1980).

Such an examination reveals that at the time of removal, plaintiff, a citizen of the State of Louisiana, had filed suit against Zimmer, Inc. a diverse party. Plaintiff's decision to commence separate lawsuits in the state court did not affect Zimmer, Inc.'s right to remove the lawsuit filed against it. See *Weiner v. Sorenson,* 341 F.Supp. 397 (E.D.Wis.1972). Plaintiff could have easily foreclosed Zimmer, Inc.'s ability to set in motion the removal process by filing *one* suit against it and the non-diverse parties. Nothing forced plaintiff to bring separate suits against the manufacturer and physician and hospital. Removability depends to a great extent on how plaintiff draws his pleadings. *Roby v. Maine Central R.R.,* 243 F.Supp. 153 (D.N.H.1965). While the two suits filed by plaintiff arise out of a single occurrence, there is nothing to preclude independent, separate trials of the suits.[1] The claim against Zimmer, Inc. is one grounded in products liability, a theory of liability which is not necessary to the maintenance of plaintiff's negligence claims against the physician and hospital. Additionally, the pleadings of the plaintiff against Zimmer, Inc. are couched in terms of individual liability on the part of the manufacturer. There are no indications that any shared liability was contemplated.

Plaintiff chose to present his claims in a manner which resulted in one falling within, and one without, the orbit of federal jurisdiction. The Court should not recast the plaintiff's original pleadings which presented no barriers to the removal by Zimmer, Inc. To do so would deprive this defendant of a right conferred on it by statute to remove an action against it which involves diversity of citizenship and an amount in controversy exceeding $10,000. *Roby,* supra. A federal district court should not erroneously deprive a defendant of the right to a federal forum. Wright,

---

1. This is not the situation contemplated by 28 U.S.C. § 1441(c) which provides that where a separate and independent claim is joined with a non-removable claim the entire case may be removed. To qualify as a "separate and independent" claim, two or more separate wrongs are required before federal jurisdiction will at-

tach under section 1441(c). *Getty v. Sturm-Ruger and Co.,* 462 F.Supp. 949 (D.Alaska 1979) (action not separable where plaintiff had but a single wrong, even though separate legal theories were advanced against separate defendants).

Miller and Cooper, *Federal Practice and Procedure:* Jurisdiction, Section 3721.

■ The mere fact that plaintiff's suits were consolidated for trial does not affect defendant's right. The act of consolidation did not merge or join the defendants to the extent required by 28 U.S.C. § 1441(b). Each separately filed suit continues to have a distinct and independent legal existence under Louisiana law. *Howard v. Hercules-Gallion Co.,* 417 So.2d 508 (La.App. 1st Cir. 1982). This fact notwithstanding, a state's procedural provisions cannot control the privilege of removal granted by the federal statute. *Chicago, Rock Island and Pacific Railroad Company v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954).

■ Thus, complete diversity of citizenship existed between plaintiff and Zimmer, Inc. both at the time the plaintiff's petition for damages was filed and at the time defendant sought removal. Removal was therefore proper under 28 U.S.C. § 1441(b).

Accordingly, plaintiff's motion to remand is hereby DENIED.