## Joseph L. FIORENTINO and Marie Fiorentino, his wife

v.

## HUNTINGSIDE ASSOCIATES.

Civ. A. No. 87-3915.

United States District Court,
E.D. Pennsylvania.

Oct. 14, 1987.

Louis Samuel Fine, Fine and Staud, Philadelphia, Pa., for plaintiffs.

William C. Foster, Terrance P. Kennedy, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendant.

## MEMORANDUM/ORDER

LUDWIG, District Judge.

Plaintiffs move to remand this action to the Court of Common Pleas of Philadelphia County, 28 U.S.C. § 1447(c).

On May 27, 1987, plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County alleging that "Defendant Huntingside Associates, Inc. is a Corporate Entity with a principal place of business in Philadelphia, Pennsylvania."[1] The complaint identified plaintiffs as individuals "residing" in Philadelphia. The action is for personal injuries alleged to have been sustained by plaintiff husband on October 2, 1984 while an invitee on defendant's premises.

---

1. By stipulation, defendant's name in the caption was changed to Huntingside Associates.

*See infra* footnote 5.

On June 25, 1987, a petition for removal was filed averring that defendant is a limited partnership and that diversity exists because its members are citizens of states other than Pennsylvania.[2]

█ In support of the motion to remand, plaintiffs cite my memorandum and order issued in a related action, *Fiorentino v. Thyssen Holding Corp.*, No. 86–5893, slip op. (E.D.Pa. March 18, 1987) [available on WESTLAW, 1987 WL 8200].[3] In part, that decision followed the reasoning set forth in *Cram v. New England Telephone & Telegraph Co.*, 172 F.Supp. 395 (D.N.H. 1958), which held that separate actions filed in state court could be viewed as a single action in determining the propriety of removal of one of them. As defendant observes, this holding in *Cram* was overruled by *Roby v. Maine Central Railroad*, 243 F.Supp. 153, 156 (D.N.H.1965). *See also Crier v. Zimmer*, 565 F.Supp. 1000 (E.D.La.1983). Furthermore, although judicial economy suggests that actions involving the same cause of action be decided by one court, a motion to remand should not be granted for nonjurisdictional reasons. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Tucker v. Whitaker Travel, Ltd.*, 620 F.Supp. 578, 583 (E.D.Pa.

1985) (defendants who properly removed case cannot be deprived of a federal forum "simply because remand to state court may promote judicial efficiency"). So viewed, my prior *Fiorentino* decision appears to have had an erroneous basis.

█ Nevertheless, remand here is required. In this circuit, when removal occurs upon the filing of plaintiff's complaint, the jurisdictional focus is limited to that pleading and no other matters may be considered. *Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987); *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir.1985). The factual allegations of the complaint must be accepted as true. *Id.* In the present action, the complaint lacks grounds for removal. Plaintiffs are alleged to be residents of Pennsylvania without reference to citizenship, and defendant is described as a "corporate entity" with a principal place of business in Philadelphia without mention of the state of incorporation.[4] Diversity of citizenship is not shown by these averments. Defendant chose to remove the action by filing a petition that improperly attempts by its own averments to establish diversity jurisdiction.[5]

2. Paragraph 3 of the petition to remove reads:
   Your Petitioner avers that diversity of citizenship exists between the parties in controversy as follows;
   (a) That Plaintiffs are now and were at the time of the commencement of this action, citizens and residents of the Commonwealth of Pennsylvania;
   (b) That your Petitioner is now and was at the time of the commencement of this action a citizen of a state other than the Commonwealth of Pennsylvania, by virtue of the fact that all of the partners in the limited partnership, both general and limited partners, are citizens and residents of states other than the Commonwealth of Pennsylvania and the citizenship of an unincorporated association is that of the individual members of that association.

3. There, I remanded two removed actions to the Philadelphia Court of Common Pleas although the removal petitions alleged diversity jurisdiction. Those actions arose out of the same occurrence and involved the same issues as two actions filed by plaintiffs in that court against nondiverse defendants. I considered all four actions to involve a single cause of action as to which diversity jurisdiction was lacking. Those

four actions have now been consolidated in the state court. The present action also arose out of the same occurrence and involves the same cause of action as the other actions.

4. Section 1447(c) of Title 28 of the United States Code requires that if a case was removed from state court "improvidently and without jurisdiction, the district court shall remand the case...." Removal statutes are strictly construed and all doubts are to be resolved in favor of remand. *Steel Valley Authority*, 809 F.2d at 1010; *Abels*, 770 F.2d at 29.

5. Two months after the removal petition was filed the parties entered into a stipulation identifying the defendant as a limited partnership with "a principal place of business in Pennsylvania." Even if effect is given to that stipulation, the result would be the same because partnerships are deemed to be citizens of all states in which the general and limited partners are citizens. *E.g., Trent Realty Associates v. First Federal Savings & Loan Ass'n*, 657 F.2d 29, 31 (3d Cir.1981). Principal place of business is irrelevant.

■ Two other removal defects lead to the necessity of remand. First, even if the removal petition could be considered, it is not self-sustaining. It fails to state, affirmatively, the defendant's multiple citizenship. The citizenships of defendant's alleged partners are facts that the limited partnership is presumed to know. *Cf.* 1A Moore, *Moore's Federal Practice* ¶ 0.168[3–4], at 568. To aver that the partners are "citizens ... of states other than Pennsylvania" is not sufficient. *See Simmons v. Rosenberg*, 572 F.Supp. 823, 825 (E.D.N.Y.1983) (averment in plaintiff's complaint that she was "a citizen of a state other than New York" does not establish diversity jurisdiction); *Braucher v. Buhler Brothers Eng'g. Works*, 505 F.Supp. 1124, 1124 (E.D.Pa.1980) (diversity of citizenship allegation must clearly aver citizenship).[6]

Second, a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court. *E.g., Kerstetter v. Ohio Casualty Ins. Co.,* 496 F.Supp. 1305, 1307 (E.D. Pa.1980). Here, defendant's removal petition states that the limited partnership was a citizen of a state other than Pennsylvania on both relevant dates, but avers that "all of the partners ... are citizens and residents of states other than the Commonwealth of Pennsylvania." There is no averment as to the citizenship of the partners at the time the complaint was filed.

Since "it appears that the case was removed improvidently and without jurisdiction," 28 U.S.C. § 1447(c), remand is mandated.

---

**6.** While these cases deal with plaintiff's burden when filing a complaint, similar principles apply to removal petitions. Moore, *supra,* at 568.